Argued and submitted November 1, 2019; decision of trial panel rejected, matter remanded to trial panel for further proceedings February 21, 2020

In re Complaint as to the Conduct of

ANDREW LONG,
OSB #033808,
*Respondent.*

(OSB 1789, 1790, 17109, 1808, 1843)
(SC S066327)

458 P3d 688

The Oregon State Bar brought a disciplinary action against respondent, alleging multiple violations of the Rules of Professional Conduct. Respondent contested the charges in a trial panel hearing. The adjudicator, however, concluded that respondent defaulted when he failed to appear for the second day of the hearing. Respondent moved the trial panel to vacate the default order, arguing that he had been ill the night before he failed to appear. But the trial panel denied that motion, concluding that respondent did not establish that his failure to appear was the result of "mistake, inadvertence, surprise, or excusable neglect." BR 5.8(b). As a result of the default, the trial panel accepted as true all the factual allegations against respondent and admitted the Bar's exhibits. The trial panel concluded that the Bar's allegations established that respondent violated numerous disciplinary rules and that disbarment was an appropriate sanction. *Held*: (1) Respondent established that his failure to appear was the result of excusable neglect; (2) as an exercise of the court's own discretion on *de novo* review, the order of default should have been set aside; and (3) the failure to set aside the order of default denied respondent a fair hearing.

The decision of the trial panel is rejected. The matter is remanded to the trial panel for further proceedings.

En Banc

On review of the decision of a trial panel of the Disciplinary Board.

E. Andrew Long, Portland, argued the cause and filed the briefs on behalf of himself.

Theodore William Reuter, Assistant Disciplinary Counsel, Tigard, argued the cause on behalf of the Oregon State Bar. Susan R. Cournoyer, Assistant Disciplinary Counsel, filed the brief.

PER CURIAM

The decision of the trial panel is rejected. The matter is remanded to the trial panel for further proceedings.

**PER CURIAM**

The Oregon State Bar charged respondent, E. Andrew Long, with multiple violations of the Oregon Rules of Professional Conduct. Long contested the charges in a trial panel hearing. But he was not able to present his case to the trial panel, because the adjudicator concluded that Long had defaulted when he failed to appear for the second day of the hearing. Long moved the trial panel to vacate the default order, but the trial panel denied that motion. As a result of the default, the trial panel accepted as true all the factual allegations against Long and admitted the Bar's exhibits. BR 5.8(a). The trial panel concluded that the Bar's allegations, deemed to be true, established that Long violated numerous disciplinary rules and that disbarment was an appropriate sanction.

On review, Long contends that the adjudicator erred in finding him in default and that the trial panel erred in denying his motion to vacate the default order. Long also contends that, even if the default was proper and properly sustained, the factual allegations against him do not establish the violations found by the trial panel. And finally, Long contends that, even if the violations were established, disbarment is not an appropriate sanction.

We agree with Long that the trial panel erred in denying his motion to set aside the adjudicator's order of default. Because that conclusion is dispositive, we remand the matter to the trial panel without addressing Long's remaining arguments.

## I. BACKGROUND

The Bar filed a complaint in December 2017 and an amended complaint in March 2018. Long filed an answer, denying the Bar's allegations. Subsequently, Long and the Bar engaged in discovery and filed numerous motions with the adjudicator. The parties filed more motions as they approached the beginning of the trial panel hearing in August 2018. Those motions addressed, for example, the hearing dates and the witnesses who would testify. In the weeks before the hearing, the parties designated their

exhibits, raised objections to the opposing party's exhibits, and filed their trial briefs.

The trial panel hearing began on August 21 with the Bar presenting witnesses and offering exhibits. Long, who represented himself at the hearing, was about 30-45 minutes late to the start of the hearing that day and was late by about the same amount of time in returning from the lunch recess. Both times he emailed the adjudicator to say that he was running late because he was checking on his partner, who was sick. Long had intended for his partner to serve as his assistant during the hearing.

On the second day, the hearing was set to begin at 9:00 a.m., with the Bar continuing to present its case. By 10:00 a.m., Long had not arrived and had not contacted either the Bar or the adjudicator. The adjudicator declared Long in default based on his failure to appear. BR 5.8(a). The adjudicator also admitted all of the Bar's proposed exhibits.

At 11:16 a.m., Long emailed the Bar and the adjudicator to say that he had overslept after being ill the night before, when he was also caring for his ill partner. He explained that he would arrive for the hearing at 1:30 p.m. and would be prepared to present his case the next day. At the same time that Long sent his email, the adjudicator emailed Long, stating that he had declared Long in default at 10:00 a.m. and that the trial proceedings would now focus on an appropriate sanction. Long responded by email, explaining that he had witnesses prepared to testify later in the week and asking the adjudicator to simply continue the trial until that afternoon or the following day.

The adjudicator replied later that day, indicating that, if Long wanted relief from the default, then Long would have to file a motion to set it aside. The adjudicator also noted that he, too, had become ill and would soon be checking himself into the hospital. He added that, even if he could be persuaded to set aside the default, the hearing would likely not resume until the following week because of his own illness.

The adjudicator issued his formal order of default on August 27. The next day, Long moved to set aside the

default under BR 5.8(b), which authorizes the trial panel to do so if a respondent proves that he failed to appear because of "mistake, inadvertence, surprise, or excusable neglect." In his motion to set aside the default, Long argued that his failure to appear was the result of inadvertence and excusable neglect because he had been ill the night before he failed to appear.[1]

According to Long, on the first day of trial (August 21), he notified the adjudicator that his partner was sick. And then, that night, he also became ill, "apparently with the same condition that was affecting his partner." In his motion, Long asserted,

> "The illness prevented him from sleeping most of the night, due to vomiting and other symptoms of stomach flu (viral gastroenteritis). Mr. Long is unaware of what time he fell asleep on the night of August 21 (morning of August 22), 2018, but it was certainly well past 3:00am. He fell asleep unintentionally in a chair far later than he ever would have expected but utterly exhausted by illness.

> "On the morning of August 22, 2018, both Mr. Long and his partner remained very ill. Mr. Long woke up some time after 9:00am on August 22, 2018 feeling very sick, dehydrated, and disoriented due to illness. It took him some time (perhaps 45 to 60 minutes—far longer than usual) to 'wake up' and re-orient himself."

To support his motion to set aside, Long submitted evidence that, later in the day on August 22, a doctor had diagnosed Long with stomach flu. Long argued that those combined facts established both inadvertence and excusable neglect, on the basis of which he asked the trial panel to set aside the default order.[2]

---

[1] In his motion, Long also argued that his tardiness on the second day of trial should not constitute a failure to appear for purposes of the relevant rule, and that the adjudicator exceeded his authority in concluding otherwise. Long renews that argument on review, which the Bar disputes. Because we conclude that the trial panel should have set aside the default order on other grounds, we do not need to resolve that dispute. And we assume, without deciding, that the adjudicator acted within his authority when he concluded that Long failed to appear.

[2] Long did not argue that those facts established the other grounds for setting aside a default—mistake and surprise. BR 5.8(b).

The trial panel denied Long's motion. In doing so, the trial panel did not question the veracity of the facts that Long alleged. Instead, the trial panel concluded that those facts, even if true, were insufficient to establish inadvertence or excusable neglect.

With respect to inadvertence, the trial panel stated: "Webster's Third New International Dictionary defines inadvertence, in relevant part, as 'lack of care or attentiveness : INATTENTION * * *.' Respondent's failure to appear did not result from inattention—he was well aware of the scheduled trial appearance."

As to excusable neglect, the trial panel cited case law stating that excusable neglect requires a showing that the person has taken reasonable steps to protect his or her interests, such as having reasonable procedures designed to avoid the type of error or omission that occurred. The trial panel said that Long made no such showing:

> "Absent from respondent's description of his failure to appear is any evidence that he had a reasonable procedure to avoid such an event from occurring, *e.g.*, an alarm clock. As the Bar's memorandum in opposition recites, respondent was regularly late for scheduled proceedings in this case, including both the morning and afternoon sessions of the first day of trial. Respondent waited until 2 1/4 hours after the scheduled start of day two of the trial to even attempt to notify the Adjudicator of the reason for his absence."

Based on its conclusions that Long failed to establish inadvertence or excusable neglect, the trial panel denied Long's motion to set aside.

In light of the default, BR 5.8(a) governed the remaining proceedings. That rule required the trial panel to "deem the allegations in the formal complaint to be true" and allowed the trial panel to consider "evidence or legal authority limited to the issue of sanction." BR 5.8(a). Beyond the allegations in the complaint, the Bar submitted numerous exhibits, which the trial panel considered in its sanction analysis.

The trial panel issued its written opinion in October 2018, finding that the Bar's allegations, taken as true,

established that Long violated numerous disciplinary rules. The panel concluded that disbarment was the appropriate sanction:

> "Considered as a whole, the pattern and extent of respondent's misconduct shows that he has not, and is not likely to, conform his conduct to the rules demanded of all lawyers. The trial panel concludes that any sanction short of disbarment will be insufficient to protect the public and the integrity of the profession."

Long asked this court to review the decision of the trial panel under BR 10.2.

## II.   ANALYSIS

We focus our analysis on whether Long established sufficient grounds to set aside the adjudicator's order of default. That question is governed by BR 5.8(b), which provides, in part, that "the trial panel may set aside an order of default upon a showing by the respondent that the respondent's failure to * * * appear timely was the result of mistake, inadvertence, surprise, or excusable neglect." The trial panel, as explained above, concluded that Long failed to establish that his failure to appear was the result of inadvertence or excusable neglect and denied his motion to set aside the order of default.[3]

We review the trial panel's denial *de novo. See* ORS 9.536(2) ("When a matter is before the Supreme Court for review, the court shall consider the matter de novo and may adopt, modify or reject the decision of the disciplinary board in whole or in part and thereupon enter an appropriate order."); BR 10.6 ("The Supreme Court shall consider each matter de novo upon the record and may adopt, modify, or reject the decision of the trial panel in whole or in part and thereupon enter an appropriate order.").

Before reviewing the facts that Long established, we first consider the standard imposed by BR 5.8(b). The text

---

[3] The motion to set aside a default is properly directed to the trial panel if the respondent submits the motion "[a]t any time prior to a trial panel's issuing its written opinion," BR 5.8(b), as Long did in this case. But, "[i]f a trial panel has issued its opinion, a respondent must file any motion to set aside an order of default with the Supreme Court." *Id.*

of BR 5.8(b) largely tracks the text of Oregon Rule of Civil Procedure (ORCP) 71 B(1)(a), which provides a party with the opportunity for relief from a civil judgment: "On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: *** mistake, inadvertence, surprise, or excusable neglect." And ORCP 71 B(1)(a) was based on *former* ORS 18.160 (1979), *repealed by* Or Laws 1981, ch 898, § 53,[4] and Federal Rule of Civil Procedure (FRCP) 60(b)(1).[5]

Courts liberally construe those provisions, particularly when the judgment is the result of a default. In *Wagar v. Prudential Ins. Co.*, 276 Or 827, 556 P2d 658 (1976), for example, the court stated:

> "This court has also uniformly held that [*former* ORS 18.160 (1979)] should be liberally construed.
>
> "* * * * *
>
> "'Ordinarily, if he presents reasonable grounds excusing his default, the courts are liberal in granting relief, for the policy of the law is to afford a trial upon the merits when it can be done without doing violence to the statute and established rules of practice that have grown up promotive of the regular disposition of litigation.'"

*Id.* at 832-33 (quoting *Snyder v. Consolidated Highway Co.*, 157 Or 479, 484-85, 72 P2d 932 (1937)).[6]

---

   [4] *See Union Lumber Co. v. Miller*, 360 Or 767, 778 n 10, 388 P3d 327 (2017) (interpreting ORCP 71 B(1)(a) based on case law applying ORS 18.160 (1979) and noting that the two provisions are "substantially identical"); ORS 18.160 (1979) ("The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.").

   [5] *See Johnson v. Johnson*, 302 Or 382, 391, 730 P2d 1221 (1986) ("ORCP 71 is a modified form of Federal Rule of Civil Procedure 60, adapted to Oregon cases and practice."); FRCP 60(b)(1) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: *** mistake, inadvertence, surprise, or excusable neglect.").

   [6] *See also Rogue Val. Mem. Hosp. v. Salem Ins.*, 265 Or 603, 606, 510 P2d 845 (1973) ("[*Former* ORS 18.160 (1979)] is to be construed to the end that every defendant should have an opportunity to have his day in court[.]"); *Schwab v. Bullock's Inc.*, 508 F2d 353, 355 (9th Cir 1974) ("While a district judge has discretion to grant or deny a 60(b) motion to vacate a default judgment, that discretion is

Because BR 5.8(b) is intended to serve a similar purpose, those same considerations inform our application of that rule. With those considerations in mind, we address the facts of this case. The Bar does not challenge the facts contained in Long's motion. The Bar offers no evidence countering Long's assertion that he was ill the night before he failed to appear. The trial panel did not make an adverse credibility determination against Long, and the Bar does not ask this court to do so in the first instance. We therefore take the facts as Long asserted them in his motion. Most relevantly, we find that, the night before Long failed to appear, he was awake very late with symptoms of stomach flu and eventually fell asleep in a chair away from his bedroom and without an alarm set. We further find that, as he asserted in his motion, Long did not wake up until after the time set for the second day of hearing.

We hold that those facts readily establish excusable neglect and that the trial panel's contrary ruling applies an unduly narrow interpretation of BR 5.8(b). On the uncontroverted facts, Long's failure to appear was the result of his illness. Although the trial panel reasoned that Long was neglectful in failing to set an alarm, that failure is explained by the illness itself and Long's explanation of the circumstances in which he fell asleep (the credibility of which explanation, we emphasize, the trial panel has never disputed). *See, e.g., Ballard v. City of Albany*, 221 Or App 630, 636-37, 191 P3d 679 (2008) (holding that "illness can be a ground for setting aside a judgment under ORCP 71 B" but affirming the trial court's denial of motion for relief from judgment because the trial court found that the party's illness did not interfere with his ability to participate in the proceedings). The trial panel, therefore, erred in concluding that Long failed to establish excusable neglect.

---

limited by three important considerations. First, Rule 60(b) is remedial in nature and therefore must be liberally applied. Second, default judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits. Third, and as a consequence of the first two considerations, where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." (Internal citations and quotation marks omitted.)).

Our analysis does not end in concluding that Long established that his failure to appear was the result of excusable neglect. Under BR 5.8(b), if a party establishes that a failure to appear was the result of mistake, inadvertence, surprise, or excusable neglect, then the decision to set aside the default is a matter of discretion. *See* BR 5.8(b) ("[T]he trial panel *may* set aside an order of default upon a showing by the respondent that the respondent's failure to *** appear timely was the result of mistake, inadvertence, surprise, or excusable neglect." (Emphasis added.)). This court directly exercises that discretion on *de novo* review. *See Black's Law Dictionary* 94 (7th ed 1999) (defining "appeal de novo" as "[a]n appeal in which the appellate court uses the trial court's record but reviews the evidence and law without deference to the trial court's rulings—Also termed *de novo review*"); 5 *C.J.S. Appeal and Error* § 905 (2020) ("[D]e novo consideration means the appellate court performs the same analysis that a trial judge would perform, applying the same standard used by the trial court in the first instance. *** Under de novo review, the appellate court freely substitutes its judgment for that of the trial court.").

In previous cases, this court has noted that, among other potential considerations, a court may deny a motion for relief from judgment if the moving party failed to seek relief promptly, *Rogue Val. Mem. Hosp. v. Salem Ins.*, 265 Or 603, 609, 510 P2d 845 (1973) (considering whether the moving party "acted with reasonable diligence after knowledge of the default judgment"), and may also consider the extent to which granting relief would prejudice the nonmoving party, *Wagar*, 276 Or at 834 (considering whether "[s]etting aside the default would not have caused [the nonmoving party] any significant delay in having her case tried on its merits").

Neither factor supports denying Long's motion in this case. Long acted promptly. Within minutes of receiving the email from the adjudicator explaining that he found Long in default, Long asked the adjudicator to reconsider. And, the day after the adjudicator issued the order of default, Long moved the trial panel to set it aside.

As to prejudice, the Bar argued to the trial panel that, as a result of Long missing a half day of the hearing,

the Bar had less time than it otherwise would have had to present its case. But neither the adjudicator nor the trial panel ruled that the time lost waiting for Long would be counted against the Bar, rather than against Long. Further, the trial panel hearing needed to be rescheduled for reasons independent of Long's failure to appear because, on the same day that Long failed to appear, the adjudicator began an extended hospital stay. The Bar has not explained why that rescheduled hearing would not have provided the Bar with sufficient time to present its case. Based on those considerations, we conclude that the order of default should have been set aside.[7]

Having concluded that the adjudicator's order of default should have been set aside under BR 5.8(b), we now must determine whether to affirm, modify, or reject the ultimate decision of the trial panel. That question is governed by BR 5.1(b), which provides:

> "Harmless Error. No error in procedure, in admitting or excluding evidence, or in ruling on evidentiary or discovery questions shall invalidate a finding or decision unless upon a review of the record as a whole, a determination is made that a denial of a fair hearing to either the Bar or the respondent has occurred."

*See In re Sanai*, 360 Or 497, 527 n 7, 383 P3d 821 (2016) (refusing to consider alleged errors regarding "prehearing motions, witness lists, and the like" because the respondent did not establish that any such errors would have resulted in the denial of a fair hearing); *In re Albrecht*, 333 Or 520, 535, 42 P3d 887 (2002) ("Under BR 5.1(b), we review the trial panel's decision to exclude the evidence for error and, if there was error, whether the error denied the Bar a fair hearing.").

Based on our review of the record, we conclude that Long did not receive a fair hearing. Under BR 5.8(a), the adjudicator's order of default required the trial panel to treat all of the Bar's allegations in the complaint as true, without requiring the Bar to provide evidentiary support

---

[7] This court's exercise of discretion on *de novo* review does not imply that a contrary conclusion would be improper under an abuse-of-discretion standard.

for those allegations. And the adjudicator's order prevented Long from presenting his own evidence that might contradict or contextualize the Bar's allegations. Under those circumstances, Long in effect received no hearing at all. The failure to set aside the order of default was not harmless, and is therefore a proper ground for rejecting the trial panel's decision.[8]

The decision of the trial panel is rejected. The matter is remanded to the trial panel for further proceedings.[9]

---

[8] Long has additionally moved to dismiss this matter based on allegations that the Bar's counsel have engaged in misconduct. That motion is denied.

[9] If Long ultimately prevails on the merits, then he may seek costs and disbursements associated with pursuing this review. BR 10.7(a)-(b).