Argued and submitted June 15, 2020, affirmed May 26, 2021

Linda MUCH,
*Plaintiff-Appellant,*
*v.*
Jane DOE,
an unknown party,
*Defendant,*
*and*
FRED MEYER STORES, INC.,
a foreign corporation,
*Defendant-Respondent.*

Yamhill County Circuit Court
18CV03056; A168009

493 P3d 38

Plaintiff appeals an order of the trial court granting defendant's motion for relief from a default judgment on the ground of mistake, inadvertence, or excusable neglect. ORCP 71 B(1)(a). Plaintiff contends that the court erred in considering defendant's declarations, submitted in support of the motion, because the declarations did not include the phrase "subject to penalty for perjury," as required by ORCP 1 E. Plaintiff asserts that, without the declarations, defendant did not establish a ground for relief from the judgment. *Held*: Plaintiff did not raise her objection to the declarations by written motion as required by ORCP 14; thus, plaintiff's challenge to the trial court's consideration of the declarations either is not preserved or does not constitute error. The record supports the court's finding that defendant's default was the result of mistake, inadvertence, or excusable neglect, and the Court of Appeals concluded that the court did not abuse its discretion in granting defendant's motion to set aside the judgment.

Affirmed.

Ronald W. Stone, Judge.

Joshua B. Lay-Perez argued the cause and filed the briefs for appellant.

Megan J. Crowhurst argued the cause for respondent. Also on the brief were Francis T. Barnwell and Kalia J. Walker.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

Affirmed.

Aoyagi, J., concurring.

Tookey, J., dissenting.

**ARMSTRONG, P. J.**

Plaintiff brought a wage claim against defendant Fred Meyer and obtained a default judgment after defendant failed to appear. Plaintiff appeals an order of the trial court granting defendant's motion for relief from the default judgment on the ground of mistake, inadvertence, or excusable neglect. ORCP 71 B(1)(a).[1] For the reasons explained below, we reject plaintiff's assignments of error and affirm the trial court.

In support of defendant's contention that its failure to appear was the result of mistake, inadvertence, or excusable neglect, defendant offered the declarations of members of its legal staff explaining that, in the lengthy process of routing notice of plaintiff's action to the correct legal department, defendant's staff neglected to forward a copy of the summons and complaint. The trial court held a hearing on the motion and granted it, concluding:

> "Now, let's get to the heart of the thing and that is whether there is evidence sufficient to meet the premise of the law to set aside the default based on mistake, inadvertence or excusable neglect. Clearly that's exactly what happened here."

Plaintiff's first assignment on appeal asserts:

> "The trial court erred as a matter of law in considering declarations and attached exhibits that was [*sic*] not under penalty of perjury as required by ORCP 1 E,[2] OEC 603, and ORS 153.080, in setting aside the order of default."

---

[1] ORCP 71 B(1) provides:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect ***. A motion for reasons (a), (b), and (c) shall be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense."

[2] ORCP 1 E provides:

"A declaration made within the United States must be signed by the declarant and must include the following sentence in prominent letters immediately above the signature of the declarant: 'I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.'"

Defendant responds that the asserted claim of error is not preserved or properly before the court, and we agree.

Preliminarily, we note that plaintiff's assignment of error is not directed to any ruling of the court and therefore is not a proper assignment. ORAP 5.45(3) ("Each assignment of error shall identify precisely the legal, procedural, factual, or other ruling that is being challenged."). As we said in *Village at North Pointe Condo. Assn. v. Bloedel Const.*, 278 Or App 354, 359, 374 P3d 978, *adh'd to on recons*, 281 Or App 322, 383 P3d 409 (2016), "[c]ompliance with ORAP 5.45 is not a matter of mere form; it is crucial to our ability to review trial court rulings for error and to determine whether the appellant's claims of error were preserved." A court's consideration of declarations submitted with a motion brought under ORCP 71 B(1) is not a "ruling." An appropriate assignment might have been that the court erred in denying at the ORCP 71 hearing an oral motion that plaintiff made to strike the declarations, which would have highlighted the fact that the court did not rule on plaintiff's oral motion, explaining, perhaps, why plaintiff chose to assign error in the manner that she did.

Contrary to the dissent's assumption, plaintiff's *argument* in support of her assignment of error—*viz.*, that the court erred in admitting the declarations—is not an assignment of error. Assuming, however, that plaintiff's briefing is sufficient to apprise us of the ruling being challenged on appeal, we reject plaintiff's assignment, either because it is not preserved or because it does not constitute error.

In the trial court, plaintiff first mentioned the omission from the declarations of the "penalty for perjury" clause in a footnote on the thirteenth page of her sur-reply memorandum, without argument.[3] Then, at the hearing

---

Defendant's declarations did include a statement immediately above the declarant's signature line, but it is missing the concluding clause, "and is subject to penalty for perjury":

"I hereby declare that the above statement is true to the best of my knowledge and belief and that I understand it is for use as evidence in court."

[3] Plaintiff's objection, in its entirety, stated: "Plaintiff also objects to Defendant's declarations for non-compliance with ORCP 1 E by failing to obtain declarations under penalty of perjury."

on defendant's motion to set aside the judgment, plaintiff made an oral motion to strike the declarations as "inadmissible and void for failing to be under penalty of perjury as required under ORCP 1 E," again without argument.

The trial court did not rule on plaintiff's oral motion, nor was it required to do so. That is because the court did not have a proper motion before it. ORCP 14 provides:

> "An application for an order is a motion. Every motion, unless made during trial, shall be in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

A motion, other than one made at trial, must be in writing. The footnote in plaintiff's sur-reply memorandum was not a motion; and plaintiff's motion made at the hearing, which was not a trial or a trial-like proceeding, was not in writing. The written declarations submitted by defendant with its motion under ORCP 71 B(1)(a) were a part of the trial court's record. Had plaintiff wished the court not to consider the written declarations, she should have filed a written motion to strike them on which the court would then have ruled. Had the court been presented with a proper motion, it could have directed defendant to correct the declarations to include the missing "penalty of perjury" clause or could at least have given defendant the opportunity to do that. We agree with defendant that plaintiff's footnote in her hearing memorandum or her oral motion to the court did not constitute a written motion or preserve the objection for appeal.

The dissent proposes that plaintiff's oral motion was like an objection made at trial to the admission of evidence which, apparently, we should treat as having been implicitly overruled. But a hearing under ORCP 71 B to set aside a judgment is not a trial. Like a motion for summary judgment or the many other pre- and post-trial motions, a motion under ORCP 71 is typically addressed to the court through written submissions, including affidavits and declarations. Those declarations and affidavits become a part of the record when submitted. A court may allow a hearing to permit the parties to make legal arguments on whether the court should grant the pending motion in light of the facts contained in the submitted declarations. But a party

seeking to take issue with submitted declarations should file a motion to strike or exclude them, which, under ORCP 14, must be in writing,[4] unless excused by the trial court.

It is true, as the dissent points out, that when courts allow a hearing under ORCP 71 B(1), they sometimes do exercise their discretion to allow parties to submit evidence at the hearing, including testimony. When a court holds an evidentiary hearing, we would agree that, in that respect, the hearing would be sufficiently similar to a trial to permit the court, within its discretion, to allow the parties to object to evidence without filing a written motion. But that is not what happened here. The parties did not seek to submit evidence at the hearing; the only "evidence" before the court were the declarations submitted in support of and in opposition to defendant's motion. Those declarations were in the trial court's record. If plaintiff wished the court not to consider them, she should have filed a written motion to strike them. Plaintiff having failed to submit a written motion, there could be no error in failing to strike the declarations. Because the declarations were not stricken, they were a part of the record that the court could consider in ruling on defendant's motion under ORCP 71 B. We therefore reject plaintiff's first assignment of error.

Plaintiff contends in her third assignment that the court erred in failing to reject defendant's motion outright because defendant did not simultaneously tender a responsive pleading with its motion, as required by ORCP 71 B ("A motion for reasons (a), (b), and (c) shall be accompanied by a pleading or motion under Rule 21A which contains an assertion of a claim or defense."); *Duvall v. McLeod*, 331 Or 675, 677, 21 P3d 88 (2001) (holding that ORCP 71 B(1) requires that a party tender a motion for relief from default judgment and a responsive pleading simultaneously).

In *Dickey v. Rehder*, 239 Or App 253, 244 P3d 819 (2010), *rev den*, 349 Or 664 (2011), we explained that the simultaneous responsive pleading is required under ORCP

---

[4] We recognize that defendant did not invoke ORCP 14 in support of its preservation argument. Defendant's failure to invoke an applicable rule in opposition to plaintiff's assignment of error does not prevent us from recognizing and applying it. *Miller v. Water Wonderland*, 326 Or 306, 309 n 3, 951 P2d 722 (1998).

71 B to assure the court that the party seeking to set aside a default judgment has a meritorious defense. *Id.* at 259. But we reasoned in *Dickey* that ORCP 71 B(1) does not limit a party to only one attempt to file a correct motion and that allowing a party to withdraw a motion and refile it along with a responsive pleading does not undermine the requirements of *Duvall* "that the party tell the court why it failed to properly respond to the original pleadings and why that matters." *Id.* at 259. Thus, we held in *Dickey* that the trial court did not err in granting the defendant's motion to withdraw an incomplete motion to set aside the judgment and to refile a complete one. *Id.* at 260.

We have reviewed the record here. It shows that, although defendant's initial motion did not attach an answer, the court, within its discretion (and before ruling on the motion), allowed defendant to withdraw its motion and refile. It shows also that, at the time that the court ruled on defendant's refiled motion, the court had before it defendant's answer. We conclude that the court did not err in addressing defendant's motion to set aside the judgment.

Finally, in her fourth assignment, plaintiff contends that the record does not support the trial court's grant of defendant's motion to set aside the judgment. Courts liberally construe ORCP 71 B, particularly when the judgment is the result of a default. *In re Long*, 366 Or 194, 200, 458 P3d 688 (2020). The record here supports the court's finding that defendant's default was the result of mistake, inadvertence, or excusable neglect, and we conclude that the court did not abuse its discretion in granting defendant's motion to set aside the judgment.

We reject plaintiff's second assignment of error without discussion.

Affirmed.

**AOYAGI, J.,** concurring.

I join in the majority's opinion but write separately to briefly provide some additional perspective on the first assignment of error. In short, I agree with the majority that the trial court did not err in granting relief from the default

judgment under ORCP 71 B based on mistake, inadvertence, or excusable neglect. I write separately only to emphasize that the purposes of preservation were not served in this case.

The majority opinion focuses on the lack of a written motion, but I do not understand it to announce a bright-line rule under which, outside trial, an oral motion is insufficient to preserve an issue for appeal under ORCP 14. Rather, I understand the majority opinion to say that, in this case, the trial court did not rule on plaintiff's oral motion to strike; that the trial court committed no error in not ruling, because the motion was not properly presented to the court; and that plaintiff has tried to get around her failure to secure a ruling from the trial court by assigning error to a nonruling (the trial court's "consideration" of defendant's declarations), which is procedurally improper. I agree with each of those points. Akin to summary judgment, a declaration submitted in support of an ORCP 71 B motion is in the record until and unless it is stricken therefrom—there is no point at which the court rules to "admit" it—and, as long as it is in the record, it is not error to consider it. If plaintiff wanted to have declarations stricken, she needed to move to strike them, and, if she wanted to obtain appellate review on that issue, she needed to obtain a ruling denying her motion. That is not what happened here.

As I said, however, I write separately to emphasize something that may not be obvious from the majority opinion: The *purposes* of preservation were not served in this case. *See Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008) (preservation requirements promote judicial efficiency, ensure fairness to opposing parties, and foster full record development). That is, the problem with what plaintiff did is not her failure to comply with ORCP 14 in and of itself. Noncompliance with a rule does not necessarily translate to lack of preservation for appeal. Rather, the fundamental problem is that she did not adequately apprise the trial court and defendant of her position and, consequently, failed to secure a ruling.

On this record, it is not at all clear that the trial court or defendant even caught plaintiff's objection to

defendant's declarations, let alone understood its basis. The omission in the attestations appears, on its face, likely to be a scrivener's error. It is the type of defect that, unless clearly identified, may be easily missed by lawyers and judges who read declarations regularly and are looking at them for their substance. Meanwhile, in plaintiff's view, the defect is fatal to defendant's ORCP 71 B motion, regardless of the merits of that motion, and thus determinative of the final outcome of this litigation. In that context, plaintiff's one-sentence objection in a footnote in a sur-reply, followed by a one-sentence motion at hearing, was not enough to bring attention to the issue and, more importantly, secure a ruling. For context, plaintiff mentioned the penalty-of-perjury issue near the beginning of a lengthy argument to the court, in the midst of a series of summary procedural arguments. She first renewed a prior motion to strike hearsay from the declarations; then objected to "hearsay statements made by counsel in testifying during the previous hearing back in April which contained evidence that was not submitted in the declarations"; then objected and moved to strike "*all of the Defendant's declarations as attached to all of its motions including the motion for sanctions* as being inadmissible and void for failing to be under penalty of perjury as required under ORCP 1 E" (emphasis added); then argued for six transcript pages about the answer-filing issue that is the subject of her third assignment of error on appeal; and then addressed the merits of the ORCP 71 B motion.

Finally, default judgments are disfavored—a principle that weighs against leniency on preservation in this case. *See In re Long*, 366 Or 194, 199-200, 458 P3d 688 (2020) (referencing long-standing rule that ORCP 71 B should be "liberally construed" in favor of relief, "particularly when the judgment is the result of a default," because "the policy of the law is to afford a trial upon the merits when it can be done without doing violence to the statute and established rules of practice that have grown up promotive of the regular disposition of litigation" (internal quotation marks omitted)). Had plaintiff properly and clearly raised the issue in the trial court, defendant would have had a meaningful opportunity to respond, including, for example, offering to file corrected declarations, and the trial court would have

ruled. On this record, by contrast, the most plausible inference is that the trial court never ruled at all, leaving us nothing to review.

It would be inconsistent with the purposes of preservation to reverse the grant of an ORCP 71 B motion—thus reinstating a default judgment and avoiding a trial on the merits—where a procedural issue was not clearly and properly raised, where the trial court never ruled on it, and where the issue pertains to a likely scrivener's error that could have been easily corrected had the issue been properly raised.[1]

For all of those reasons, in addition to those discussed in the majority opinion, I concur.

**TOOKEY, J.,** dissenting.

I write separately to dissent, because I disagree with the majority's contention that plaintiff's objection was not properly made, and because I disagree with the concurrence's contention that plaintiff's objection was not preserved. As explained below, I would reach the merits of plaintiff's first assignment of error and, in so doing, I would conclude that the trial court erred in granting defendant's motion to set aside the default order and judgment; accordingly, I think the default judgment should be reinstated in this case, thereby entitling plaintiff to the award for damages that she sought as compensation for nearly two decades' worth of unauthorized payroll deductions made by defendant.

This case relates, in part, to an unsettled question within the context of hearings on motions to set aside under ORCP 71 B—specifically, whether a party attending such

---

[1] I would also note that, in the circumstances of this case, even if the trial court erred in not ruling on the oral motion to strike, the appropriate remedy would be to remand, not rule on the motion ourselves. The trial court might well exercise its discretion to allow filing of corrected declarations, rather than simply striking the declarations and denying the ORCP 71 B motion on that basis. *Cf. Chevalier Advertising v. Ballista Tactical Systems*, 278 Or App 148, 160, 373 P3d 1211 (2016) ("[I]n adopting plaintiff's belated and extraneous procedural argument pertaining to the first Johnson declaration without providing defendant an opportunity to address the claimed defect [(the lack of an original signature)], the trial court abused its discretion.").

hearings may make an oral objection concerning the admission of testimonial evidence, such as declarations.[1] That is precisely what I understand plaintiff to have done in this case when her attorney stated, at the hearing on defendant's motion to set aside, "I also have to object to and move to strike all of the Defendant's declarations *** as being inadmissible and void for failing to be under penalty of perjury as required under ORCP 1 E."

The majority answers that unsettled question in the negative; they conclude that, in the context of hearings on motions to set aside under ORCP 71 B, a party is required to object by way of a written motion to strike and that plaintiff's oral objection in this case was improper. 311 Or App at 656. In explaining that conclusion, the majority analogizes motions to set aside under ORCP 71 B to motions for summary judgment under ORCP 47:

> "Like a motion for summary judgment or the many other pre- and post-trial motions, a motion under ORCP 71 is typically addressed to the court through written submissions, including affidavits and declarations. *** But a party seeking to take issue with submitted declarations should file a motion to strike or exclude them, which, under ORCP 14, must be in writing[.]"

311 Or App at 656.

The difficulty with the majority's analogy is that trial courts do not confine themselves to considering only the affidavits or declarations that may be attached to an ORCP 71 B motion to set aside; rather, trial courts routinely hold evidentiary hearings on those motions at which they receive and admit evidence, including testimonial evidence offered by parties and witnesses. *See, e.g.*, *Duvall v. McLeod*, 331 Or 675, 678, 21 P3d 88 (2001) (noting trial court received evidence at hearing on ORCP 71 motion); *Wagar v. Prudential Ins. Co.*, 276 Or 827, 831, 556 P2d 658 (1976) (noting trial court took oral testimony at hearing on motion to set aside); *Benson v. Harrell*, 241 Or App 362, 366, 251 P3d 203 (2011) (noting trial court heard testimony from multiple witnesses at hearing on ORCP 71 B motion to set aside); *Knox v. Genx*

---

[1] Under ORS 45.010, "The testimony of a witness is taken by six modes[,]" including by "[d]eclaration under penalty of perjury, as described in ORCP 1 E[.]"

*Clothing, Inc.*, 215 Or App 317, 321, 168 P3d 1251 (2007) (noting trial court heard witness testimony at hearing on ORCP 71 B motion to set aside); *Matchey v. Staffing Network Holdings, Inc.*, 195 Or App 576, 579, 98 P3d 1174 (2004) (noting trial court received evidence and testimony from parties at hearing on ORCP 71 B motion to set aside); *McKenna and McKenna*, 57 Or App 185, 188, 643 P2d 1369 (1982) (noting trial court heard oral testimony and admitted written evidence at hearing on motion to set aside).

If a party is allowed to present testimony and other evidence at hearings on ORCP 71 B motions to set aside, it is difficult to understand why a party would not also be allowed to make oral objections to evidence at those very same hearings. Indeed, the majority acknowledges that perhaps a party could be allowed to object at such hearings without filing a written motion. But, the majority argues, such an objection would only be allowed in limited circumstances. 311 Or App at 657. Notably, the majority cites no rule, authority, or principle of law in support of that argument. Likewise, the majority cites no authority for the contention that an objection to a declaration—like the objection made by plaintiff in this case—is required to be made in writing.

To be sure, the majority does cite the writing requirement in ORCP 14 to support their contention that a *motion to strike*—other than one made during trial—must be made in writing. Yet the majority's reliance on ORCP 14 is only well founded if, as they propose, plaintiff's oral objection is accurately characterized as merely an oral motion to strike. But that characterization, while perhaps accurate, is nevertheless incomplete; it ignores the part of plaintiff's objection where she said "*I also have to object to* and move to strike *all of the Defendant's declarations* \*\*\* *as being inadmissible*[.]" Thus, in light of the entirety of plaintiff's objection, I think what plaintiff did can just as accurately be characterized as an objection to the admission of testimonial evidence.[2] And, significantly, the majority cites no rule or other authority disallowing oral objections to testimonial evidence at hearings on ORCP 71 B motions to set aside.

---

[2] To the extent that the majority contends that plaintiff's objection also included a motion to strike, I do not disagree.

Given that absence of authority, I see no reason to say that plaintiff could not orally object to defendant's declarations at the hearing on defendant's motion to set aside. Instead, I think the fairer approach would be to recognize the propriety of plaintiff's objection and to address plaintiff's first assignment of error on its merits.

Before addressing the merits, however, I note my disagreement with the majority's contention that plaintiff's first assignment of error "is not an assignment of error," and that it "is not preserved." 311 Or App at 655.

Plaintiff's first assignment of error is proper. Though plaintiff's briefing may not be a model of clarity, its language does make clear that plaintiff assigns error to the trial court's decision to admit evidence—*i.e.*, "The trial court erred as a matter of law in *admitting* and considering the evidence contained in [defendant's] defective declarations." (Emphasis added.) The majority discounts that language as an "argument" rather than an "assignment of error." But that language—along with the rest of plaintiff's briefing—does not require a search of the record to be understood, and I believe it is sufficient to satisfy the purpose of an assignment of error. *See State v. Brown*, 310 Or 347, 356, 800 P2d 259 (1990) ("[T]he purpose of an assignment of error was satisfied," because "one of the parties fully briefed the matter and set out verbatim the pertinent parts of the record," such that "this court on appeal need not search the record." (Citing ORAP 5.45(3).)). Moreover, this court routinely reviews assignments of error regarding the admission of evidence over a party's objection. *See, e.g.*, *State v. Hixson*, 307 Or App 333, 335, 476 P3d 977 (2020) (reviewing trial court's admission of a statement over party's hearsay objections); *State v. Reineke*, 297 Or App 84, 91-92, 441 P3d 637 (2019) (reviewing whether trial court erred when witness testimony was "admitted, over defendant's OEC 401 and OEC 403 objections"); *State v. Navaie*, 274 Or App 739, 745, 362 P3d 710 (2015) (reviewing whether "the trial court erred when it admitted evidence, over [defendant's] hearsay objections"); *State v. Serrano*, 355 Or 172, 188, 324 P3d 1274 (2014) (reviewing whether "the trial court erred by permitting a police criminalist to testify, over defendant's objection"); *Stuart v. Kelsay*, 261 Or 326, 329, 494 P2d 249 (1972)

(reviewing whether the trial court erred by "receiving in evidence, over plaintiff's objection, certain evidence pertaining to the decedent"). Thus, contrary to the majority, I think that plaintiff's first assignment of error is proper.

Additionally, plaintiff's first assignment of error is preserved. As noted above, plaintiff stated at the hearing, "I also have to *object to* and move to strike all of the Defendant's declarations as attached to all of its motions *** as being inadmissible and void for failing to be under penalty of perjury as required under ORCP 1 E." In my view, that objection is sufficient to satisfy the preservation requirement: Plaintiff raised the evidentiary issue before the trial court in a sound, clear, and articulate oral objection, thereby giving the court an opportunity to consider the objection, permitting the opposing party to respond, and allowing the record to develop. *See Peeples v. Lampert*, 345 Or 209, 219-21, 191 P3d 637 (2008) (discussing policy considerations underlying preservation requirement, namely "giv[ing] a trial court the chance to consider and rule on a contention," "permitting the opposing party to respond to a contention and by otherwise not taking the opposing party by surprise," and "foster[ing] full development of the record"); *see also id.* at 219 ("'A party owes the trial court the obligation of a sound, clear and articulate motion, objection or exception, so as to permit the trial judge a chance to consider the legal contention or to correct an error already made.'" (Quoting *Shields v. Campbell*, 277 Or 71, 77, 559 P2d 1275 (1977).).). Here, plaintiff's oral objection provided both defendant and the trial court an opportunity to address that objection— even if they chose not to do so. And certainly, plaintiff's oral objection was sufficient to dispel any chance that raising the issue again on appeal would come as a genuine surprise to the opposing party.

The concurrence posits that plaintiff's objection is not preserved because "she did not adequately apprise the trial court and defendant of her position." 311 Or App at 659 (Aoyagi, J., concurring). But here, I think there can be no doubt that plaintiff's objection provided enough information for both her opponent and the trial court to understand and respond to that objection. *See State v. Blasingame*, 267 Or App 686, 691, 341 P3d 182 (2014) ("[W]hen determining

if an issue has been adequately preserved for review, the appropriate focus 'is whether a party has given opponents and the trial court enough information to be able to understand the contention and to fairly respond to it.'" (Quoting *State v. Walker*, 350 Or 540, 552, 258 P3d 1228 (2011).)); *see also Clinical Research Institute v. Kemper Ins. Co.*, 191 Or App 595, 607, 84 P3d 147 (2004) ("Traditionally, in order to preserve a ground for appeal, it has been deemed essential for a party to raise an *issue* at trial but less important to make a specific *argument* or identify a particular *source*." (Emphases added; citation and internal quotation marks omitted.)). Plaintiff not only raised the issue—*i.e.*, the admissibility of defendant's testimonial evidence—but also made a specific argument and identified a particular source—*i.e.*, that defendant's declarations were inadmissible testimony because they failed to comply with the perjury requirements set forth in ORCP 1 E. As such, I am not sure what more plaintiff was required to say or do in order to sufficiently apprise the trial court and defendant of her position.

Thus, I would conclude that plaintiff's first assignment of error is both proper and preserved. For those reasons—and the reasons that follow—I respectfully dissent, and I would review this case as set forth below and reverse and remand for the trial court to reenter the general judgment.

\* \* \*

The relevant facts are undisputed and largely procedural. Plaintiff sued defendant for unauthorized payroll deductions. After defendant did not timely appear or respond, plaintiff obtained an order of default and, later, a general judgment. Shortly thereafter, defendant submitted a motion under ORCP 69 F and ORCP 71 B to set aside the default order and judgement.[3] In that motion, defendant asserted that its "failure to appear or respond to plaintiff's

---

[3] ORCP 69 F provides, "For good cause shown, the court may set aside an order of default. If a judgment by default has been entered, the court may set it aside in accordance with Rule 71 B and C."

ORCP 71 B(1) provides, in part, "On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect[.]"

complaint was the result of mistake, inadvertence, or excusable neglect." In support of its motion, defendant submitted declarations from members of its legal team. Those declarations explained that defendant's failure to appear resulted from an error in its complaint routing process. Notably, those declarations did not contain a clause stating that they were under penalty of perjury, as required under ORCP 1 E(2).

Plaintiff opposed defendant's motion to set aside, noting in her briefing to the trial court that she "objects to Defendant's declarations for non-compliance with ORCP 1 E" because defendant did not "obtain [those] declarations under the penalty of perjury." Additionally, at a hearing on defendant's motion to set aside, plaintiff repeated her objection to defendant's declarations: "I also have to object to and move to strike all of the Defendant's declarations * * * as being inadmissible and void for failing to be under penalty of perjury as required under ORCP 1 E."

The trial court did not explicitly rule on plaintiff's objection to defendant's declarations and ultimately granted defendant's motion to set aside, stating:

"Now let's get to the heart of the thing and that is whether there is evidence sufficient to meet the premise of the law to set aside the default based on mistake, inadvertence, or excusable neglect. Clearly that's exactly what happened here. * * *

"* * * * *

"* * * I do find there was mistake, inadvertence, and excusable neglect which allows you to set aside the default."

On appeal, plaintiff contends that the "trial court erred as a matter of law in considering declarations * * * that w[ere] not under penalty of perjury as required by ORCP 1 E," and that "if the trial court erred in admitting the declarations, there [i]s no remaining properly presented evidence to establish excusable neglect." In response, defendant contends that its "declarations substantially complied with the language in ORCP 1 E(2), and so the lower court had the discretion to consider them."

"A decision under ORCP 71 B can implicate multiple standards of review." *Union Lumber Co. v. Miller*, 360 Or 767, 777, 388 P3d 327 (2017). "Conclusions that a trial court reaches under ORCP 71 B as to whether a moving party's neglect, inadvertence, surprise, or mistake constitute cognizable grounds for relief, are legal rulings that an appellate court reviews for errors of law." *Id.* at 778. "If, in the course of reaching such a conclusion, a trial court makes express or implied findings on issues of disputed fact, an appellate court will accept those findings if they are supported by evidence in the record." *Id.* Where the trial court admits or excludes declarations based on its understanding of the meaning of a rule of civil procedure, we review that decision for legal error. *Cf. Yoshida's Inc. v. Dunn Carney Allen Higgins & Tongue*, 272 Or App 436, 443, 356 P3d 121 (2015) ("Where the trial court admits or excludes evidence based on the court's interpretation of a statute, we review the court's ruling for legal error."); *Union Lumber Co.*, 360 Or at 785 (noting that, when court's decision depends on its understanding of the meaning of ORCP rule, we review for errors of law).

The parties' dispute as to whether declarations are required to include a perjury clause calls into question the proper construction of ORCP 1 E(2). "We construe the rules of civil procedure using the same analytical method that applies to statutory construction." *Rains v. Stayton Builders Mart, Inc.*, 258 Or App 652, 657-58, 310 P3d 1195 (2013). That is, "we examine the text, context, and history of the rule to discern the intent of the Council on Court Procedures." *Union Lumber Co.*, 360 Or at 785.

For the reasons explained below, I would conclude that the text, context, and rule history indicate that the intent of the Council on Court Procedures (CCP) was that declarations under ORCP 1 E(2) are required to include the perjury clause specified in that rule in order to be admissible testimony.

I begin with the text of ORCP 1 E(2), because there is no more persuasive evidence of the intent of the CCP than the words by which it undertook to give expression to its wishes. *Cf. State v. Gaines*, 346 Or 160, 171, 206 P3d 1042

(2009) (so noting with respect to legislative intent). The text of ORCP 1 E(2) indicates the CCP's intent to require that declarations include the perjury clause specified in that rule. ORCP 1 E(2) provides:

> "A declaration made within the United States must be signed by the declarant and *must include the following sentence in prominent letters immediately above the signature of the declarant*: 'I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court *and is subject to penalty for perjury*.'"

(Emphases added.) That text unambiguously indicates not only that declarations "must" include the prescribed sentence—which includes the perjury clause—but also specifies the precise location for that perjury clause, *i.e.*, "immediately above the signature."

Of particular significance here is use of the word "must" in ORCP 1 E(2). Although the CCP did not define "must," relevant dictionary definitions of "must" include "is required by law." *See Webster's Third New Int'l Dictionary* 1492 (unabridged ed 2002) (defining "must" to mean, among others, "is required by law, custom, or moral conscience <we ~ obey the rules>").

Understanding "must"—as it is used in ORCP 1 E(2)—to mean "required by law" is consistent with the meaning this court has ascribed to that term in interpreting statutes. *See, e.g.*, *Oregon Cable Telecommunications v. Dept. of Rev.*, 237 Or App 628, 635, 240 P3d 1122 (noting that "the verb 'must,' *** generally connotes a required action when used in law," and citing Bryan A. Garner, *A Dictionary of Modern Legal Usage* 577-78 (2d ed 1995) (explaining that, in legal drafting, "must" is generally used in the sense of "an absolute requirement" or "is required to")); *Bishop v. Waters*, 280 Or App 537, 545, 380 P3d 1114 (2016) ("Similar to the word 'shall,' the word 'must' ordinarily expresses 'a duty, obligation, [or] requirement ***.'").

In sum, the text of ORCP 1 E(2) indicates the CCP's intent that declarations are required by law to include the

specified perjury clause immediately above the declarant's signature.

The context and history of ORCP 1 E(2) further indicate the CCP's intent to require inclusion of the perjury clause, as the CCP considered it important to ensuring that declarants would be liable for perjury. "Context includes * * * related rules and statutes," and "the legislative history that we consider is generally the history of the proceedings before the council [on court procedures]" but also "any legislative history that we find useful." *Rains*, 258 Or App at 658. Because the context and history of ORCP 1 E are intertwined, I discuss them together.

In early 2002, the CCP began the process of amending ORCP 1 E to allow the use of declarations. *See* Agenda, Council on Court Procedures, Feb 9, 2002, 3. A "major concern" for the CCP was that "declaration[s] should be subject to perjury prosecution." Agenda, Council on Court Procedures, May 11, 2002, Attachment B at 1-2. Indeed, when the CCP considered amending ORCP 1 E,

> "all members appeared to be agreed that if use of declarations is to be introduced into practice under the ORCP there must be absolute assurance that knowingly false statements of material fact contained in the declarations would be subject to prosecution for perjury to the same extent as is true of affidavits."

Minutes, Council on Court Procedures, Apr 13, 2002, 2. With those concerns about perjury in mind, the CCP drafted amendments to ORCP 1 E to allow declarations under penalty of perjury. *See* Agenda, Council on Court Procedures, June 8, 2002, Attachment 4d at 1-3.

At that same time, the CCP also began drafting proposed amendments to the ORS. The CCP had determined that, in order for "a declaration to be subject to perjury prosecution on the same basis as such statements contained in an affidavit, certain statutory amendments would be needed." Minutes, Council on Court Procedures, Apr 13, 2002, 2-3. Consequently, the CCP proposed amendments to ORS 162.055(4), which defines a "sworn statement," as that term is used in Oregon's perjury statute,

ORS 162.065.[4] *See* Agenda, Council on Court Procedures, June 8, 2002, Attachment 4d at 1-3. Ultimately, as a result of that proposal, the very same act that amended ORCP 1 E to allow the use of declarations also amended ORS 162.055(4) so that, for purposes of perjury, a "sworn statement" would include a "declaration under penalty of perjury *as described in ORCP 1 E.*" *See* Or Laws 2003, ch 194, §§ 1, 4 (amending ORCP 1 E and ORS 162.055(4) (emphasis added)).[5]

Prior to the enactment of Or Laws 2003, ch 194, the CCP sent its proposed amendments for ORCP 1 E and ORS 162.055(4) to the Oregon State Bar Board of Governors "for its approval as a legislative package for pre-session filing and sponsorship by the Oregon State Bar (OSB) in the 2003 Legislative Assembly." Minutes, Council on Court Procedures, May 11, 2002, 2.

In early 2003, a representative from OSB explained to the House Committee on Judiciary the intended purpose and effect of the proposed amendments to ORCP 1 E:

"This would simply allow lawyers and people representing themselves pro se to sign a declaration, right in front of their name, that specifically says 'I am giving this testimony under the penalty of perjury.'

"* * * * *

"If we were to pass this, *anyone who signs that is going to see right in front of their name, 'I swear under penalty of perjury* that the statement I am signing right now is true.'"

---

[4] Oregon's perjury statute provides that a "person commits the crime of perjury if the person makes a false sworn statement or a false unsworn declaration in regard to a material issue, knowing it to be false." ORS 162.065. I note that the provisions of ORS 162.065(1) relating to "unsworn declarations" are not relevant to my analysis. Pursuant to ORS 162.055(5), an "unsworn declaration," as that phrase is used in 162.065(1), "has the meaning given that term in ORS 194.805." ORS 194.805 concerns declarations made by a declarant who, at the time of making the declaration, "is physically located outside the boundaries of the United States * * *."

[5] ORCP 1 E was amended in 2003 to allow the use of declarations. Or Laws 2003, ch 194, § 1. Later, in 2014, "[s]ection E [wa]s reorganized in light of the Legislature's enactment of ORS 194.800-194.835 to incorporate the Uniform Foreign Declarations Act into the Oregon Revised Statutes." Council on Court Procedures, Staff Comment to ORCP 1 Amendment, 2 (Dec 6, 2014). As a result of that reorganization, current "subsection E(2) retains the approved language for domestic declarations under penalty of perjury and subsection E(3) now contains the approved language for foreign declarations." *Id.* That reorganization does not affect our analysis.

Tape Recording, House Committee on Judiciary, House Bill 2064, Jan 22, 2003, Tape 1, Side A (statement of Kevin Chames (emphasis added)).

Thus, the above context and history further indicate that declarations under ORCP 1 E(2) were intended to require inclusion of the perjury clause.

In light of the foregoing, I would conclude that the text, context, and relevant history indicate the CCP's intention that declarations under ORCP 1 E(2) are required by law to include the specified perjury clause immediately above the declarant's signature in order to be admissible.

Because defendant's declarations did not conform with the requirements of ORCP 1 E(2), I would conclude that it was error for the trial court to admit them. I would further conclude that, because the evidence supporting defendant's motion to set aside was contained in those erroneously admitted declarations, there is not any evidence sufficient to support a finding of mistake, inadvertence, or excusable neglect, as required to set aside a judgment under ORCP 71 B; therefore, the trial court erred when it concluded otherwise.

In seeking a contrary result, defendant contends that "the Court was required to disregard any errors or defects pursuant to ORCP 12 B[] and had discretion to accept some or all of" the statements in defendant's declarations, because they "substantially conform[ed] to the language set forth in ORCP 1 E(2)." ORCP 12 B provides that "[t]he court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." However, failure to comply with ORCP 1 E(2)'s perjury clause requirement is not an excusable error or defect, *cf. Bridgestar Capital Corp. v. Nguyen*, 290 Or App 204, 210-11, 415 P3d 1095 (2018) (A "party's complete failure to comply with the textual requirements of ORCP 68 C(2) *** cannot be excused by ORCP 12 B."), and admitting defendant's declarations ultimately affected a substantial right, *see Mary Ebel Johnson, P.C. v. Elmore*, 221 Or App 166, 170, 189 P3d 35 (2008) (order setting aside default judgment based on evidence of defendant's neglect, mistake, or inadvertence affected substantial right of the plaintiff).

Defendant also contends that two of its declarations were made by "lawyers and officers of the court, and so their declarations could have been appropriately considered even without the 'under penalty of perjury' language." That contention is unavailing; nothing in ORCP 1 E suggests that lawyers are exempt from the declaration requirements, and defendant does not cite any authority supporting that contention. Defendant's argument is, therefore, insufficiently developed for us to address it. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to on recons*, 187 Or App 472, 68 P3d 259 (2003) (it is not "our proper function to make or develop a party's argument when that party has not endeavored to do so itself").

For the foregoing reasons, I would conclude that defendant's declarations were required by ORCP 1 E(2) to include the specified perjury clause; therefore, the trial court erred by admitting them without that clause. I would further conclude that, without those declarations, the evidence in the record is insufficient to support a factual finding of mistake, inadvertence, or excusable neglect; therefore, the trial court erred when it determined otherwise and set aside the judgment. Consequently, I would reverse and remand for the trial court to reenter the general judgment.