Argued and submitted March 3, 2000, decision of the Court of Appeals reversed; judgment of the circuit court vacated, and case remanded to the circuit court with instructions to reinstate the default judgment March 22, 2001

Deborah DUVALL,
*Petitioner on Review,*

*v.*

Michelle Lynn McLEOD,
*Respondent on Review.*

(CC C940918CV; CA A96226; SC S46779)

21 P3d 88

Lee Aronson, of Schulte, Anderson, Downes, Aronson & Bittner, P.C., Portland, argued the cause for petitioner on review. On the brief was Thomas A. Bittner.

Lisa E. Lear, of Bullivant Houser Bailey, Portland, argued the cause for respondent on review. With her on the briefs was Jeffrey S. Eden.

Before Carson, Chief Justice, and Gillette, Durham, Kulongoski, Leeson, and Riggs, Justices.**

KULONGOSKI, J.

** Van Hoomissen, J., retired December 31, 2000, and did not participate in the decision of this case. De Muniz, J., did not participate in the consideration or decision of this case.

## KULONGOSKI, J.

This negligence action arose out of a traffic accident. Plaintiff obtained a default judgment against defendant in July 1995, awarding her nearly $70,000 in damages. Defendant then filed a motion under Oregon Rules of Civil Procedure (ORCP) 71 B(1)[1] for relief from that default judgment. The issue on review is whether ORCP 71 B(1), which requires that a motion for relief from default judgment be "accompanied by" a pleading or a motion to dismiss, precluded the trial court from separately accepting the pleading or motion to dismiss after defendant already had tendered the motion for relief. (In this case, the trial court permitted defendant to tender her pleading after the motion for relief from default judgment had been filed and heard.) In a split, en banc decision, the Court of Appeals affirmed. *Duvall v. McLeod*, 160 Or App 685, 984 P2d 287 (1999). For the reasons that follow, we hold that ORCP 71 B(1) requires that a party tender a motion for relief from default judgment and a responsive pleading simultaneously and, therefore, that the trial court erred as a matter of law when it set aside the default judgment. Accordingly, we reverse the decision of the Court of Appeals, and we vacate the judgment of the trial court.

Defendant based her request for relief on ORCP 71 B(1)(a), arguing that she had failed to answer plaintiff's complaint because of a misunderstanding between her insurance adjuster and plaintiff's counsel over the length of the extension of time that defendant would have in which to answer plaintiff's complaint. With her motion for relief from default judgment, defendant filed an affidavit by the insurance adjuster explaining the misunderstanding, but she did not tender at that time either a responsive pleading or a motion to dismiss under ORCP 21 A.

---

[1] ORCP 71 B(1) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party * * * from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64 F; (c) fraud, misrepresentation, or other misconduct of an adverse party; * * *. A motion for reasons (a), (b), and (c) shall be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense. * * *"

After taking evidence at a hearing on defendant's motion for relief from default judgment, the trial court told defendant that ORCP 71 B(1) required her to submit with her motion a pleading responsive to the complaint so that the court could consider whether to set aside the default judgment:

> "Counsel, one of the things that the court is supposed to look at in determining whether or not to set aside the * * * default is if there isn't a responsive pleading, if there isn't any kind of defense, then even if there has been a [mistake], there's no point setting aside the default. That's why [ORCP 71 B(1)] requires that there be a responsive pleading appended, so that the court can determine at the time the court considers the motion to set aside the default whether or not there's a good reason to do that."

Defendant responded that she had not understood ORCP 71 B(1) to require that a responsive pleading be filed simultaneously with the motion for relief from default judgment. Over plaintiff's objection, the court orally ruled that, if defendant filed an answer within the following 10 days, then the court would set aside the default judgment. Defendant filed an answer six days later.

After another hearing, the trial court set aside the default judgment. The trial court told the parties that it believed that it had the discretion to allow defendant to file her answer after she had filed her motion for relief from default judgment because ORCP 15 D permits a trial court to allow pleadings "after the time limited by the procedural rules."

The negligence action proceeded to trial. Plaintiff appealed after the jury returned a verdict in her favor. As noted above, the Court of Appeals affirmed, and we allowed plaintiff's petition for review.

■ The issue on review is whether the trial court erred as a matter of law when it permitted defendant to tender her "accompanying pleading" after she had filed the motion for relief from default judgment. Plaintiff contends that the phrase "shall be accompanied by" in ORCP 71 B(1) means that the pleading or motion to dismiss under ORCP 21 A must be tendered at the same time as the motion for relief.

Defendant argues that the phrase does not preclude the court from accepting the pleading or an ORCP 21 A motion after the motion for relief from default judgment has been tendered but before the court rules on that motion.

■  We interpret the ORCP in the same way that we interpret statutes, *Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 381, 8 P3d 200 (2000), beginning by examining the text and context of the rule, *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). The definition of "accompany" is:

> "1:   to go with or attend as an associate or companion: go along with * * * 3: to add or join to often incidentally or casually * * * 4: to exist or occur in conjunction or association with * * *."

*Webster's Third New Int'l Dictionary*, 12 (unabridged ed 1993). The parties dispute the precise stage of the proceedings at which the motion must be so "accompanied."[2]

ORCP 71 B(1) identifies the grounds for the motion for relief from default judgment and its requirements, including details of timing and service. The accompanying pleading or motion to dismiss is identified as a component of the motion for relief. Thus, to be complete, the motion for relief from default judgment must be "accompanied by" a pleading or motion to dismiss. The text and context of the rule reveal that the legislature intended that a motion for relief from default judgment be accompanied by the required pleading when the moving party files the motion.

As noted above, the trial court recognized that ORCP 71 B(1) required defendant to tender a responsive pleading (in this case, an answer) simultaneously with her motion for relief from default judgment. The trial court nevertheless permitted defendant to tender her answer at a later date in the belief that it had the authority to do that under ORCP 15 D. As explained below, the trial court's reliance on the authority granted by ORCP 15 D was misplaced.

---

[2] Plaintiff also argues that defendant's answer, which generally denied liability, did not constitute a "meritorious" defense, the offer of which is a prerequisite to relief under ORCP 71 B(1). In light of our disposition, we do not reach that issue or the question of whether that issue properly was preserved.

ORCP 15 D provides:

> "The court may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or allow any other pleading or motion after the time limited by the procedural rules, or by an order to enlarge such time."

The rule grants a trial court the authority to allow a late answer, but that authority is pertinent only if an answer is in fact due. If a judgment already has been entered, by contrast, then the defendant either has answered or, as in this proceeding, has lost the opportunity to answer. In that context, the trial court properly may invoke its authority under ORCP 15 D to allow the late answer only if the court first sets aside the default judgment. *See, e.g., McFarlane v. McFarlane*, 45 Or 360, 365, 77 P 837 (1904) (after default judgment against defendant who failed to answer timely was set aside, defendant given leave to file late answer). In this case, therefore, the trial court did not have the authority under ORCP 15 D to allow the late submission of an answer that should have accompanied defendant's motion for relief from default judgment.

We conclude that ORCP 71 B required defendant to tender her answer when she filed her motion for relief from default judgment and that ORCP 15 D did not authorize the trial court to waive that requirement. Accordingly, we hold that the trial court erred as a matter of law when it granted defendant relief from the default judgment, and the Court of Appeals erred in affirming that ruling.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is vacated, and the case is remanded to the circuit court with instructions to reinstate the default judgment.