Argued and submitted April 29, affirmed December 1, 2010, petition for review denied March 4, 2011 (349 Or 664)

## Jim A. DICKEY,
### *Plaintiff-Appellant,*

*v.*

## D'Anne REHDER,
### *Defendant-Respondent.*

Umatilla County Circuit Court
CV080473; A140559

244 P3d 819

Timothy J. O'Hanlon argued the cause for appellant. With him on the brief was Mautz, Baum & O'Hanlon LLP.

Steven Marks argued the cause and filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Plaintiff took a default judgment against defendant, and defendant subsequently filed a motion to set it aside pursuant to ORCP 71 B(1).[1] Defendant's motion, however, was not accompanied by a responsive pleading, as required by that rule and by *Duvall v. McLeod*, 331 Or 675, 680, 21 P3d 88 (2001). When plaintiff opposed the motion, he brought that defect to the attention of the court and defendant. Defendant then sought to withdraw the defective ORCP 71 B(1) motion so that she could refile one that was fully compliant. The trial court allowed defendant to do that and, after the new motion was filed along with a responsive pleading, the court set aside plaintiff's default judgment on the ground that defendant's failure to respond to plaintiff's complaint was due to excusable neglect. Plaintiff appeals, arguing that the trial court erred as a matter of law by permitting defendant to withdraw her first motion to set aside the default judgment and refile with a responsive pleading. We affirm.

The parties' dispute stems from a $250,000 promissory note that defendant and her late husband signed over to plaintiff in exchange for an interest in land. The note was, by its terms, due within six months of its execution. When that time passed without payment, plaintiff attempted to contact defendant's husband regarding the matter. Before any successful contact occurred, however, defendant's husband committed suicide. Four months later, plaintiff brought two claims for relief, one against husband's estate and, a week later, one against defendant individually. Defendant was the personal representative of the estate. In both claims, plaintiff was represented by attorney O'Hanlon.

O'Hanlon knew that the estate was represented by Tankersley, and corresponded with him regarding the claim. However, regarding the claim against defendant in her personal capacity, as opposed to her capacity as representative of the estate, O'Hanlon was never formally notified that she was represented by counsel. O'Hanlon served her, but he did not serve Tankersley or any other attorney. She did not

---

[1] More precisely, defendant sought relief from the default judgment under ORCP 69 C, which provides that such relief may be obtained "in accordance with Rule 71 B and C."

respond. He also sent to defendant, at her home address— but to no attorney—a request for production of documents regarding the individual claim, to which defendant also failed to respond. Two months later, plaintiff successfully obtained a default judgment against defendant on the individual claim. O'Hanlon never mentioned to Tankersley the individual claim or defendant's failure to respond.

Tankersley learned of the default judgment against defendant three weeks after it was entered; he then contacted attorney Marks and arranged for him to represent defendant in that action. Following some correspondence between the parties' attorneys, Marks filed a motion on defendant's behalf to set aside the judgment under ORCP 71 B(1) asserting two grounds for relief: the action should have been joined with the estate claim and plaintiff's attorney engaged in misconduct by not notifying Tankersley of the individual claim. ORCP 71 B(1) provides:

> "On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect * * *. A motion for reasons (a), (b), and (c) *shall be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense.*"

(Emphasis added.) Defendant's motion to set aside did not include a responsive pleading or Rule 21 motion. Plaintiff opposed the motion on that ground, relying on *Duvall*. Before the court considered the defective motion, defendant filed a motion to withdraw the first motion without prejudice, and, after the court allowed the withdrawal, defendant filed a corrected ORCP 71 B(1) motion, this time including a responsive pleading and an argument that the default should be set aside because defendant's neglect was excusable.

At the subsequent hearing, plaintiff once again raised an argument based on *Duvall*. In that case, he maintained, the Supreme Court held that a responsive pleading must be filed simultaneously with the ORCP 71 B(1) motion and not afterward in a supplemental pleading. Defendant responded that *Duvall* was not controlling because the trial

court had discretion to allow plaintiff to withdraw the defective motion before it considered the merits. On the merits, defendant argued that plaintiff's dual claims arrived in the wake of her husband's suicide, an emotional and confusing time. She also argued that she mistakenly believed that Tankersley had received notice of the individual claim along with the claim against the estate, and that therefore no additional response was required. The court rejected plaintiff's *Duvall* argument and granted the motion to set aside the default, finding excusable neglect on the part of defendant and attorney misconduct on the part of O'Hanlon.

On appeal, plaintiff advances three arguments: (1) The trial court had no discretion to permit defendant to withdraw and refile her ORCP 71 B(1) motion; (2) The trial court abused its discretion by allowing defendant to raise the issue of excusable neglect in the refiled motion when she did not raise that issue in the original motion, and; (3) The trial court erred in finding attorney misconduct and granting relief from default on that ground. Plaintiff does not challenge the court's ruling that defendant's default was caused by excusable neglect. We conclude that no rule or other authority prevented the court from allowing defendant to withdraw her first ORCP 71 B(1) motion and that the court did not abuse its discretion in allowing defendant to include a claim of excusable neglect in her refiled motion. We reject plaintiff's second argument without discussion; allowing defendant to raise excusable neglect in the second ORCP 71 B(1) motion was not an abuse of discretion. Finally, because we agree that the court did not err in finding excusable neglect and allowing defendant's motion to set aside the default on that basis, we need not and do not address plaintiff's third argument.

The question raised in plaintiff's first argument is this: Did the trial court undermine the clear requirement of *Duvall*? Put another way: Did *Duvall* establish that, as a matter of law, a party that files a motion under ORCP 71 B(1) must, in the first filing, include a responsive pleading? The parties agree, as do we, that the issue ultimately reduces to a question of the trial court's discretion, but that, as a preliminary matter, and because the court has no discretion to enter an order that is not lawful, we must initially determine

whether some authority removes the option of allowing the motions to withdraw and refile from the range of lawful alternatives. *Litton and Char-Olé Ranch, Inc.*, 281 Or 687, 690, 576 P2d 369 (1978); *Gilbert v. Stancorp Financial Group Inc.*, 233 Or App 57, 61, 225 P3d 71 (2009), *rev den*, 348 Or 218 (2010). According to plaintiff, ORCP 71 B(1) itself, as interpreted in *Duvall*, is that source; the case holds that the "shall be accompanied by" language in ORCP 71 B(1) limits a party's opportunity to challenge a judgment to one try—what plaintiff characterized at oral argument as a "no do-over" rule: File correctly the first time, or waive the right to petition for a set aside. We disagree.

*Duvall* involved a personal injury claim resulting from a traffic accident. The plaintiff alleged that she was injured due to the defendant's negligence. The defendant did not file a timely response, and the plaintiff obtained a default judgment for nearly $70,000. When the defendant discovered the default judgment, she filed a motion for relief from default under ORCP 69 C and ORCP 71 B(1). Her motion was accompanied by an affidavit from her insurance adjuster explaining that there had been a misunderstanding with respect to when the defendant's answer was due. Her motion did not, however, include an answer or a motion to dismiss. After a hearing, the court ruled that the defendant could salvage her motion by filing an answer within 10 days. She did so and ultimately prevailed. 331 Or at 677-78. On appeal, this court, in an en banc decision, held that the trial court acted within its discretion in allowing the defendant to file her responsive pleading after the court had received and held a hearing on her ORCP 71 B(1) motion.

The Supreme Court reversed. It characterized the issue as follows: "The issue on review is whether ORCP 71 B(1) * * * precluded the trial court from separately accepting the pleading or motion to dismiss after defendant already had tendered the motion for relief." *Id.* at 677. The court's opinion relied heavily on a strict definition of the word "accompany" in the text of ORCP 71 B(1).

"ORCP 71 B(1) identifies the grounds for the motion for relief from default judgment and its requirements, including details of timing and service. The accompanying pleading or motion to dismiss is identified as a component of the

motion for relief. Thus, to be complete, the motion for relief from default judgment must be 'accompanied by' a pleading or motion to dismiss. The text and context of the rule reveal that the legislature intended that a motion for relief from default judgment be *accompanied by the required pleading when the moving party files the motion.*"

*Id.* at 679.

Plaintiff asserts that this case is analogous to *Duvall.* He contends that there is no meaningful difference between the trial court's decision in this case allowing defendant to refile its motion for relief with its answer and the *Duvall* trial court's decision to give the defendant extra time to submit an answer. In both cases, plaintiff argues, the trial court erred as a matter of law. Again, we disagree.

*Duvall,* by its terms, holds only that a court abuses its discretion by considering an ORCP 71 B(1) motion that is not "complete," that is, that does not contain a responsive pleading; one must "be accompanied by" the other. *Id.* That interpretation of the filing requirement is consistent with pre-*Duvall* cases. *See, e.g., Bella v. Aurora Air, Inc.,* 279 Or 13, 17-18, 566 P2d 489 (1977) (explaining that the purpose of the prestatutory requirement of filing both a motion and answer was "that the trial court satisfy itself that there are in fact substantial issues to be decided before allowing a party to reopen a defaulted case"); *see also Kachaturian v. Kachaturian,* 58 Or App 497, 503-04, 648 P2d 1313 (1982) ("The defaulted party must demonstrate that relief from the default was sought with reasonable diligence, and a claim of a meritorious defense must be tendered."). Stated simply, a party's requirement under ORCP 71 B(1) is two-fold: the party must tell the court why the party failed to properly respond to the original pleadings and why that matters. A trial court will not waste its time reviewing an ORCP 71 B(1) motion if the defendant has no meritorious defense justifying the set aside. Hence the simultaneity requirement: a trial court must find both a statutory basis for the procedural delay, ORCP 71 B(1), and a responsive pleading that advances a defense worthy of reversing the default judgment.

In the situation presented in this case, the simultaneity requirement was met, albeit only after the original,

defective, motion was withdrawn and a complete motion filed. Plaintiff's interpretation of that requirement—"no do-overs"—would force us to extend the holding in *Duvall*. Nothing in that case addresses the propriety of allowing the party seeking relief from a default judgment to withdraw an incomplete motion before the court has ruled on it, and we know of no authority that would suggest that we address the issue and resolve it in plaintiff's favor. Plaintiff argues that we should interpret ORCP 71 B(1) more stringently than its language and existing case law require. We can discern no reason to do so, particularly in light of ORCP 12 A ("All pleadings shall be liberally construed with a view of substantial justice between the parties."). In short, we conclude that neither the language of ORCP 71 B(1) nor any other authority precluded the trial court from allowing defendant to withdraw her incomplete motion and refile a complete one.

Affirmed.