Argued and submitted August 31, 2021; order denying motion for relief from judgment reversed and remanded January 5; on respondent Kurz's petition for reconsideration filed January 19 and appellant's response filed February 2, reconsideration allowed by opinion March 23, 2022
See 318 Or App 564, 505 P3d 1108 (2022)

Deanna MICHAEL,
*Plaintiff-Appellant,*

*v.*

Rochelle PUGEL,
*Defendant,*
*and*

Michael KURZ
and Kurz Construction, LLC,
an Oregon domestic limited liability company,
*Defendants-Respondents.*

Yamhill County Circuit Court
19CV09140; A173482

504 P3d 1231

Plaintiff appeals an order denying her motion under ORCP 71 B(1)(a) for relief from a stipulated general judgment dismissing her tort claims with prejudice. Plaintiff's counsel inadvertently signed the document and allowed it to be filed, intending that the judgment would dismiss plaintiff's claims only against a defendant with whom plaintiff had settled her claims, not realizing that the judgment also dismissed plaintiff's claims against the defendants with whom plaintiff had not settled. Plaintiff contends that the trial court erred in rejecting her motion on the ground that an attorney's mistake cannot provide a cognizable basis for relief under ORCP 71 B(1)(a). *Held*: An attorney's mistake or inadvertence can provide a basis for relief under ORCP 71 B. The record requires the finding that plaintiff's counsel's signing of the stipulated general judgment was inadvertent. Although Oregon case law would generally require a showing that there was a reasonable excuse for the lawyer's inadvertence, the court held that, where the inadvertence in signing the document resulted in the entry of an erroneous judgment that did not reflect the parties' intentions, the inadvertence itself is a sufficient cognizable basis for relief. The court reasoned that disallowing the motion would be counter to the regular disposition of litigation, which does not countenance dismissal of a plaintiff's claims based on the fortuity of a mistakenly signed voluntary dismissal. The court explained that its conclusion that the inadvertence was cognizable under ORCP 71 B(1)(a) restores the litigation to the prejudgment posture that the parties intended and expected, so that it can be resolved in the regular course, and is consistent with the requirement that ORCP 71 B(1)(a) is to be liberally construed so as to avoid depriving a party of its day in court.

Order denying motion for relief from judgment reversed and remanded.

Ladd J. Wiles, Judge.

Kevin T. Lafky argued the cause for appellant. Also on the briefs were Christopher M. Edison and Lafky & Lafky.

Thomas M. Christ argued the cause for respondent Michael Kurz. Also on the brief was Sussman Shank LLP.

William D. Brandt argued the cause and filed the brief for respondent Kurz Construction, LLC.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

ARMSTRONG, S. J.

Order denying motion for relief from judgment reversed and remanded.

**ARMSTRONG, S. J.**

Plaintiff appeals an order denying her motion under ORCP 71 B(1)(a)[1] for relief from a stipulated general judgment dismissing her tort claims with prejudice. We conclude that the trial court erred in denying the motion and reverse.

Plaintiff brought tort claims against her employer, defendant Kurz Construction, LLC; the company's owner, defendant Michael Kurz; and Kurz's girlfriend, defendant Rochelle Pugel, for personal injuries that plaintiff sustained in an altercation with Pugel. The trial court dismissed the claims under ORCP 21 for failure to state a claim but allowed plaintiff to replead.

During the period to replead, plaintiff settled her claims against Pugel. Pugel's counsel drafted a judgment of dismissal for the court's signature. The judgment was captioned "**STIPULATED GENERAL JUDGMENT OF DISMISSAL**." (Uppercase and boldface type in original.) The judgment stated:

> "Based upon the stipulation of the parties endorsed below, and it appearing to the court that this matter has been fully compromised and settled, it is hereby ORDERED that a judgment of dismissal be entered with prejudice and without costs to the parties."

Plaintiff's counsel inadvertently signed the document and allowed it to be filed, not realizing that it also dismissed plaintiff's claims against the Kurz defendants, with whom plaintiff had not settled. The court entered the judgment. Then, within the period allowed by the trial court to replead, plaintiff filed an amended complaint naming only defendants Kurz and Kurz Construction, LLC. The court rejected the filing because it had already entered the stipulated general judgment dismissing the action.

Less than a week after entry of the erroneous stipulated judgment, plaintiff moved under ORCP 71 to set the judgment aside. Accompanying her motion, plaintiff

---

[1] ORCP 71 B(1)(a) provides that, "[o]n motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: *** mistake, inadvertence, surprise, or excusable neglect."

filed a declaration of counsel asserting that "[d]ismissal of this matter was the result of inadvertent error as to the Judgment entered October 18, 2019." Plaintiff submitted a draft order for the court's signature, which the court signed before becoming aware that defendants Kurz and Kurz Construction, LLC opposed the motion.

When defendants made known their objection, the court set the matter for oral argument. At the hearing, defendant Kurz's counsel did not dispute that the stipulated general judgment had been signed by mistake but, citing the Supreme Court's opinion in *McCarthy v. Oregon Freeze Dry, Inc.*, 334 Or 77, 46 P3d 721 (2002) (*McCarthy III*), contended that an attorney's error cannot provide a basis for relief from a judgment.[2]

Plaintiff responded that the judgment was a "clerical mistake,"[3] "not what anyone intended," and that the error was not the type of mistake that falls within the "general rule" described in *McCarthy* that professional mistakes, negligence, or inadvertence of an attorney do not constitute the "mistakes, inadvertence, surprise, or inexcusable neglect" that provide a basis to set aside a judgment.

---

[2] Defense counsel argued, "What [ORCP] 71 says specifically is that there's no legal basis to set aside a mistake on the part of an attorney."

[3] We have held that, under certain circumstances, the mislabeling of a judgment can constitute a clerical error, subject to correction under ORCP 71 A. *See Yarbrough v. Viewcrest Invs., LLC*, 299 Or App 143, 163, 449 P3d 902, *rev den*, 364 Or 535 (2019) (a judgment's designation can constitute a clerical mistake when "it was not the deliberate result of judicial reasoning and determination"). ORS 18.112 exists to remedy those types of errors. Below, plaintiff described counsel's signing of the stipulated judgment as a "clerical mistake" but did not seek relief under ORS 18.112, which provides, in part:

"(1) Upon motion of any party, the court may enter a corrected judgment under ORS 18.107 that changes the designation of a judgment from a general judgment to a limited judgment if the moving party establishes that:

"(a) Except by operation of ORS 18.082(3), the judgment does not decide all requests for relief in the action other than requests for relief previously decided by a limited judgment or requests for relief that could be decided by a supplemental judgment; and

"(b) The judgment was inadvertently designated as a general judgment under circumstances that indicate that the moving party did not reasonably understand that the requests for relief that were not expressly decided by the judgment would be dismissed.

"(2) A motion under subsection (1) of this section must be filed within the time provided by ORCP 71 B."

*Id*. at 82.[4] Plaintiff's counsel told the court that it had authority to grant relief based on mistake, inadvertence, surprise, or excusable neglect.

The court found that the signing of the general judgment "was clearly a mistake" and that the judgment "was intended to be a limited judgment of dismissal." The court speculated that counsel might not have proofread the judgment or caught the document's caption—"Stipulated General Judgment of Dismissal."[5]

There does not appear to be a serious dispute as to the facts or challenge to the trial court's findings. The record would certainly allow an inference that, as the trial court surmised, plaintiff's counsel did not proofread the document before signing it and inadvertently—that is, unintentionally—allowing it to be filed.[6]

The trial court then wondered aloud whether "ORCP 71 allow[s] me to set aside the general judgment of dismissal," focusing specifically on the question whether a lawyer's mistake can provide a cognizable basis for relief. Stating that the Supreme Court's opinion in *McCarthy* was "right on the money," the court concluded that the general judgment of dismissal should not have been vacated. The court did not explain what aspect of *McCarthy* the court believed to be controlling, but it is likely that the court was in agreement with defense counsel's contention that an attorney's mistake generally cannot provide a basis for relief under ORCP 71 B. In any event, as we understand the court's reasoning, although the court recognized the existence of a mistake,

---

[4] In fact, as discussed further below, the Supreme Court actually rejected our characterization of the "general rule." *McCarthy*, 334 Or at 90.

[5] The trial court found:

"I think the facts that are presented to me are pretty straight forward. The general judgment of dismissal was submitted and accepted by the Court. Then it was intended only to be a limited judgment of dismissal. [Plaintiff's counsel] didn't proofread it, I guess, or catch the title[.]"

[6] In his declaration submitted with the motion, plaintiff's counsel stated that "[d]ismissal of this matter was the result of inadvertent error" and that "Plaintiff's [*sic*] intended dismiss [*sic*] the claims against Defendant Rochelle Pugel and file an amended complaint against Defendants Michael Kurz and Kurz Construction."

the court determined that it was not a mistake for which relief could be granted. The court vacated its order setting aside the general judgment and issued an order denying plaintiff's motion.

On appeal, plaintiff contends that the trial court's belief that *McCarthy* was controlling was incorrect. Plaintiff contends that an attorney's professional mistake can be a basis for relief under ORCP 71 B, and that counsel's inadvertence or mistake in signing and allowing entry of the stipulated judgment of dismissal is distinguishable from "the typical default-type cases or situations associated with a motion to set aside." Plaintiff reminds us that courts liberally construe ORCP 71 B(1)(a) so as to avoid depriving a party of its day in court. *Wagar v. Prudential Ins. Co.*, 276 Or 827, 833, 556 P2d 658 (1976).[7] Plaintiff asserts that she has presented "facts and evidence" demonstrating a "reasonable excuse" for why relief is appropriate under ORCP 71 B based on "mistake."

Defendants respond that an attorney's error is not generally a basis for relief under ORCP 71 B, citing our opinion in *McCarthy v. Oregon Freeze Dry, Inc.*, 158 Or App 654, 658, 976 P2d 566 (1999). Defendants contend, further, that the record here does not support the limited circumstances under which relief might be available for an attorney's errors, noting that plaintiff has not offered any explanation or "reasonable excuse" for the attorney's error in signing the document.

As the court explained in *Union Lumber Co. v. Miller*, 360 Or 767, 778, 388 P3d 327 (2017), the question whether a party has stated a cognizable basis for relief under ORCP 71 B is a legal question that we review for legal error. *Id.* at 769. The first question raised by the trial court's ruling is whether an attorney's mistake or inadvertence can provide a basis for relief under ORCP 71 B. Clearly, it can. *See McCarthy*, 334 Or at 90 (rejecting this court's conclusion that an attorney's error can never provide a basis for relief

---

[7] Plaintiff no longer characterizes counsel's signing of the general judgment as a clerical mistake, which we have described as an error involving "no factual analysis, legal reasoning, or conscious decision-making." *Yarbrough*, 299 Or App at 161.

from a judgment); *Newbern v. Gas-Ice Corporation*, 263 Or 250, 254, 501 P2d 1294 (1972) (relief from judgment granted when, on advice of counsel, plaintiff failed to contest motion for judgment on the pleadings); *McFarlane v. McFarlane*, 45 Or 360, 363, 77 P 837 (1904) (relief granted when defendant's attorney specially appeared to challenge jurisdiction but did not file an answer); *see also Union Lumber Co.*, 360 Or at 777 (noting case law involving attorney error in which relief has been granted). Indeed, ORCP 71 B(1)(a) so states: "On motion and upon such terms as are just, the court may relieve a party *or such party's legal representative* from a judgment for the following reasons: (a) mistake, inadvertence[.]" (Emphasis added.) We therefore conclude that the trial court's rejection of plaintiff's motion for the reason that an attorney's mistake or inadvertence cannot provide a basis for relief under ORCP 71 B(1)(a) was error.

We turn to defendants' contention that the attorney's mistake or inadvertence in this case did not present a cognizable basis for relief. Viewing the undisputed facts, as we must, in the light most favorable to plaintiff, *Union Lumber Co.*, 360 Or at 769 ("On review of an order denying a motion to set aside a judgment, we set out the undisputed facts in the light most favorable to the moving party."); *Terlyuk v. Krasnogorov*, 237 Or App 546, 553, 240 P3d 740 (2010), *rev den*, 349 Or 603 (2011) (so stating), we conclude that the record supports only the finding that plaintiff's counsel's mistake was that he did not notice that the judgment drafted by Pugel's counsel was not a limited judgment dismissing only plaintiff's claim against Pugel but a general judgment dismissing plaintiff's claims against all defendants. It was, in short, inadvertence. *See Government Emp. Ins. Co. v. Herring*, 257 Or 201, 206, 477 P2d 903 (1970) (citing the definition of "inadvertence" from *Webster's Third New Int'l Dictionary* 1139 (1963) as "lack of heedfulness; oversight or mistake"). Inadvertence is a type of error for which a court can provide a remedy under ORCP 71 B(1)(a).

Defendants nonetheless assert that inadvertence in and of itself is not a cognizable basis for relief under ORCP 71 B(1)(a) and that, under our case law, plaintiff was required and failed to establish a reasonable excuse for her lawyer's

inadvertence. Defendants' argument would be correct if the judgment in this case were of the sort that typically becomes subject to a motion for relief under ORCP 71 B(1)(a)—*viz.*, one which the party was lawfully entitled to have the court enter as a consequence of a default or some analogous procedural failing or error on the part of the party seeking relief. In those cases, it makes good sense that a properly entered judgment to which a party was entitled should not be set aside because of a mistake or inadvertence in the absence of some explanation that excuses the moving party's lapse that allowed the judgment to be entered. *See Union Lumber Co.*, 360 Or at 778 (stating that when courts have set aside a judgment based on "mistake," "the moving party invariably had taken reasonable steps to protect its interests"); *id.* at 783 (stating that "whether a party seeking relief from a judgment has offered a reasonable excuse for failing—on account of neglect, surprise, inadvertence, or mistake—to appear or otherwise defend its interests, is a legal question that we review for errors of law"); *see also Reeves v. Plett*, 284 Or App 852, 855 n 3, 395 P3d 977 (2017) (stating that, under *Union Lumber Co.*, 360 Or at 778, to be entitled to relief from judgment based either on mistake or excusable neglect, a party is required to demonstrate a "reasonable excuse" for failing to appear). But the judgment here differs in a significant way in that it was not a judgment to which the Kurz defendants were entitled. It was erroneous, stating that "this matter has been fully compromised and settled" when it had not been. There is no dispute that plaintiff's claims against those defendants were not fully settled. The Kurz defendants were not involved in the settlement negotiations resulting in the judgment and did not sign it. They had no expectation of settlement or judgment in their favor. They know that the judgment dismissing them was not what the parties who signed it intended; it was, instead, fortuitous—simply the result of an inadvertent act. As plaintiff correctly notes, we are required to construe ORCP 71 B(1)(a) liberally so as to avoid depriving a party of its day in court. *Wagar*, 276 Or at 833. As the Supreme Court said in *MacFarlane*, 45 Or at 363, "the policy of the law is to afford a trial upon the merits when it can be done without doing violence to the statute and established rules of practice that have grown up promotive of the regular disposition of litigation." In this

context, we conclude that the inadvertence in signing the mistaken judgment is, itself, a sufficient cognizable basis for relief. That is because allowing relief under ORCP 71 B(1)(a) would restore the litigation to the prejudgment posture that the parties intended and expected, so that it can be resolved in the regular course; disallowing the motion would be counter to the regular disposition of litigation, which does not countenance dismissal of a plaintiff's claims based on the fortuity of a mistakenly signed voluntary dismissal. Thus, we conclude that, in the unique posture of the erroneous entry of judgment in this case, plaintiffs have provided a cognizable basis for relief under ORCP 71 B(1)(a).

On remand, the court will have an opportunity to consider whether to exercise its discretion to grant the requested relief, considering such factors as prejudice to defendants, whether plaintiff acted with reasonable diligence upon discovery of the mistake, and whether plaintiff has alleged potentially meritorious claims.[8] *See Wagar*, 276 Or at 834.

Order denying motion for relief from judgment reversed and remanded.

---

[8] As an alternative ground for affirmance, defendants assert that plaintiff's motion was not accompanied by a meritorious pleading, as required by ORCP 71 B(1) ("A motion for reasons (a), (b), and (c) shall be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense."). In *Duvall v. McLeod*, 331 Or 675, 677, 680, 21 P3d 88 (2001), the Supreme Court held that a trial court errs as a matter of law in granting a motion under ORCP 71 B if a pleading or ORCP 21 A motion is not submitted simultaneously with the motion. Defendants did not make their argument to the trial court, and we therefore decline to address it on appeal. As defendants correctly note, had the issue been raised below, *Duvall* would not have prevented plaintiff from withdrawing her motion to set aside the judgment and submitting a new motion with the required pleading. *See Dickey v. Rehder*, 239 Or App 253, 260, 244 P3d 819 (2010), *rev den*, 349 Or 664 (2011).

Defendants contend, alternatively, that any error by the trial court in denying the motion is harmless because plaintiff has not established that she can state new claims against defendants that remedy the defects in the original dismissed pleading. Defendants will have an opportunity to make that argument to the trial court on remand.