On respondent Kurz's petition for reconsideration filed January 19, and appellant's response filed February 2, reconsideration allowed, opinion (316 Or App 786, 504 P3d 1231 (2021)) modified and adhered to as modified March 23, 2022

Deanna MICHAEL,
*Plaintiff-Appellant,*

*v.*

Rochelle PUGEL,
*Defendant,*

*and*

Michael KURZ
and Kurz Construction, LLC, an Oregon
domestic limited liability company,
*Defendants-Respondents.*

Yamhill County Circuit Court
19CV09140; A173482

505 P3d 1108

Ladd J. Wiles, Judge.

Thomas M. Christ and Sussman Shank LLP for petition.

Kevin T. Lafky, Amanda L. Reilly, and Lafky & Lafky for response.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

PER CURIAM

Reconsideration allowed; opinion modified and adhered to as modified.

**PER CURIAM**

We allow defendant Michael Kurz's petition for reconsideration in *Michael v. Pugel*, 316 Or App 786, 504 P3d 1231 (2021), to modify a footnote at 316 Or App at 794 n 8. There we stated:

> "Defendants contend, alternatively, that any error by the trial court in denying the motion is harmless because plaintiff has not established that she can state new claims against defendants that remedy the defects in the original dismissed pleading. Defendants will have an opportunity to make that argument to the trial court on remand."

We recognize that those sentences are a source of confusion for Kurz. We clarify that, contrary to Kurz's argument in his petition for reconsideration, we did not intend to direct the trial court on remand to consider whether its error was harmless. To avoid that implication, we revise the final paragraph of the footnote to read:

> "Defendants contend, alternatively, that any error by the trial court in denying the motion is harmless because plaintiff has not established that she can state new claims against defendants that remedy the defects in the original dismissed pleading. Given the posture of this appeal— which turned on whether the mistake by plaintiff's counsel in stipulating to the entry of the general judgment could provide a cognizable basis for relief under ORCP 71— plaintiff was not required to establish on appeal that she could state a claim against defendants. Hence, we reject defendant Kurz's harmless-error argument, because it seeks a ruling on an issue that the trial court did not consider and that is not properly before us. Whether plaintiff can state a claim against defendants is a question that the trial court can address on remand in ruling on plaintiff's ORCP 71 motion."

Reconsideration allowed; opinion modified and adhered to as modified.