No. 381          April 30, 2025          213

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Pamela Danell DINTLEMAN,
nka Pamela D. Cleveland,
*Petitioner-Respondent,*
*and*

Jeff Lee DINTLEMAN,
*Respondent-Appellant.*

Jackson County Circuit Court
080903D2; A180055

Benjamin M. Bloom, Judge.

Argued and submitted May 13, 2024.

Lauren Saucy argued the cause and filed the brief for appellant.

James A. Wallan argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Order denying motion for relief from judgment reversed and remanded.

**HELLMAN, J.**

This consolidated appeal in a domestic relations case concerns a supplemental judgment that was entered following the parties' stipulated general judgment of dissolution. In three assignments of error, husband challenges the denials of his motions to correct the supplemental judgment under ORCP 71 and to vacate the supplemental judgment and the denial of his request to make an offer of proof. As explained below, we conclude that the trial court erred as a matter of law when it denied husband's motion because husband established a cognizable basis for relief under ORCP 71 B(1). Accordingly, we reverse and remand the order denying the motion for relief from judgment.

Because it is dispositive, we begin with husband's second assignment of error, which challenges the denial of his motion under ORCP 71 B. "[A] trial court's decision [under ORCP 71 B] can rest on findings of disputed fact." *Union Lumber Co. v. Miller*, 360 Or 767, 777, 388 P3d 327 (2017). Accordingly, we "will defer to a trial court's express or implied findings of disputed fact underlying its legal determinations."

The parties were married in 1996 and the trial court entered a stipulated judgment of dissolution in 2009. That judgment provided that husband's "military retirement benefits shall be equally divided as of the date of marriage to May 15, 2009," and that the parties "shall cooperate with each other in every respect to cause a Qualified Domestic Relations Order (QDRO) as may be necessary to be entered to achieve the intent of this agreement in the division of the retirement asset and will split the cost of preparing such QDRO equally." In January 2013, wife's attorney prepared a supplemental judgment that awarded wife "38.05 percent of [husband's] final disposable military retired pay[.]" The judgment referenced husband's mailing address as a post office box. The trial court entered the supplemental judgment.

Husband retired from the military in August 2021. According to husband, in October 2021 he received a letter from Defense Finance and Accounting Service (DFAS) stating that wife "would receive 38.05 Percent of [husband's]

entire retirement." Husband filed a motion to correct the supplemental judgment under ORCP 71 A, B, and C, arguing that the supplemental judgment "[did] not accurately reflect the distribution," that the "DFAS letter was the first that [he] was aware of the change in percentage of financial compensation to [wife]," and that he did not receive notice of the supplemental judgment until January 2022. The trial court denied husband's motion and found that "[t]he court's interest in the finality of judgment and orders is the determining factor in a court's decision."[1] The trial court denied husband's subsequent motion to vacate the supplemental judgment. This appeal followed.

On appeal, husband argues that the trial court abused its discretion when it denied his motion for relief from judgment. Specifically, husband argues that he established excusable neglect under ORCP 71 B(1) because "he received no notice" of the supplemental judgment, "the court records show[] no motion or service was made on husband," and he "clearly did not stipulate to the [supplemental judgment]." Moreover, husband contends that "he exercised reasonable diligence" by filing the motion "within one year [of] receiving notice of its existence."

ORCP 71 B(1)(a) provides, in relevant part, that "[o]n motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for *** excusable neglect[.]" A party must file an ORCP 71 B(1) motion "within a reasonable time," and "not more than one year after receipt of notice by the moving party of the judgment." *Id.*

"[T]he decision whether to grant or deny a motion brought under ORCP 71 B involves two determinations subject to our review. First, the trial court determines whether the moving party has asserted a valid basis for relief." *Kerridge v. Jester*, 316 Or App 599, 604, 502 P3d 1206 (2021), *rev den*, 369 Or 507 (2022). We review the first determination for errors of law. *Id.*; *see also Union Lumber*, 360 Or at 778 ("Conclusions that a trial court reaches under

---

[1] "When there is a conflict between a written order and oral findings, the written order controls and serves as the basis for appellate review." *State v. McAllister*, 72 Or App 611, 615 n 1, 696 P2d 1138 (1985).

ORCP 71 B as to whether a moving party's neglect, inadvertence, surprise, or mistake constitute cognizable grounds for relief, are legal rulings that an appellate court reviews for errors of law.").

"The focus of the inquiry is whether the totality of the circumstances reflects that the party seeking relief from judgment has taken reasonable steps to protect its interests." *Wetzel v. Sandlow*, 318 Or App 608, 616, 509 P3d 182 (2022) (internal quotation marks omitted). Accordingly, "[a]ny actions taken or omitted by [the moving party] must have been reasonable to show that their neglect was excusable." *Union Lumber*, 360 Or at 781; *see also Saldivar v. Roberts*, 240 Or App 371, 376, 246 P3d 91 (2011) ("[T]he question here is whether defendants have offered a reasonable explanation for their failure to take any action.").

We have reviewed the record and conclude that the trial court erred as a matter of law when it determined that "there was no *** excusable neglect under ORCP 71 B." In his motion, husband argued that "[w]e cannot know whether or not the proposed Supplemental Judgment *** ever arrived at the post office box that [husband] briefly used prior to the service of that document by mail" and that even if he "*were* negligent in not adequately managing his addresses for the purposes of non-child-support-related legal notification years after the dissolution was completed," that negligence did not "foreclose relief." (Emphasis in original; internal quotation marks omitted.) In support of that motion, husband submitted a declaration stating that he obtained the post office box in August 2012—five months before the trial court entered the supplemental judgment—that he "did inform [wife] of the change," that he "wasn't aware of a requirement to advise anyone besides Support Enforcement of both [his] physical residence and mailing address," and that he "kept the PO box open" for his daughter's use.

Viewing husband's conduct in light of the stipulated dissolution judgment—which explicitly required the parties to "cooperate" and "equally divide" husband's military retirement benefits during the marriage—we conclude that husband's failure to inform the trial court of a new mailing address nearly three years after the dissolution judgment

was entered was reasonable. As a consequence, any neglect "was excusable." *Hiatt v. Congoleum Industries*, 279 Or 569, 577, 569 P2d 567 (1977) (concluding that the moving party established "excusable neglect as a matter of law" in failing to appear after a part-time employee "who had no memory of the incident" received the summons and complaint but "[f]or reasons not known, the documents were not received by the legal department" because "[t]here is nothing implausible about such evidence"); *see also Much v. Doe*, 311 Or App 652, 656, 493 P3d 38, *rev den*, 369 Or 69 (2021) ("[A] motion under ORCP 71 is typically addressed to the court through written submissions, including affidavits and declarations. Those declarations and affidavits become a part of the record when submitted.").

Further, we conclude that husband's excusable neglect establishes a "cognizable basis for relief" because wife was not entitled to the supplemental judgment as entered. *Michael v. Pugel*, 316 Or App 786, 793-94, 504 P3d 1231, *adh'd to as modified on recons*, 318 Or App 564, 505 P3d 1108 (2022) (concluding that "the [attorney's] inadvertence in signing the mistaken judgment is, itself, a sufficient cognizable basis for relief" because it "was not a judgment to which [the] defendants were entitled" and the case was not "the sort that typically becomes subject to a motion for relief under ORCP 71 B(1)(a)—*viz.*, one which the party was lawfully entitled to have the court enter as a consequence of a default or some analogous procedural failing or error on the part of the party seeking relief").

Here, the stipulated dissolution judgment required the parties to "equally divide[]" husband's military retirement benefits "as of the date of marriage to May 15, 2009." However, husband submitted an affidavit with his ORCP 71 motion that indicated that the supplemental judgment awarded wife an "inaccurate" share of husband's military retirement benefits. That affidavit—prepared by an attorney who practiced "exclusively [in] family law and military family law" and had "authored many articles on * * * retirement benefits allocation in divorce cases"—stated that husband served in the military for 364 months and that the

marriage was 140 months. As a consequence, the attorney determined:

> "The figure used by DFAS, 38.05%, is close to what we believe represents the entire marital share. This would mean that the pension share was improperly calculated and the pension was incorrectly divided. Generally speaking, a spouse is entitled to one-half of the marital share of the employee's retired pay. If 38.05% is the marital share, then the [wife] would be entitled to one-half of that figure, or 19.025%."

Moreover, although the stipulated dissolution judgment required the parties to "cooperate with each other in every respect *** to achieve the intent of [the] agreement in the division of the retirement asset," the record indicates that husband had "zero knowledge" that wife's counsel prepared the supplemental judgment and that husband did not receive it until 2022.[2] Thus, "in the unique posture" of this case, we conclude that the evidence was legally sufficient to establish that wife was not entitled to the supplemental judgment as entered and that husband has "provided a cognizable basis for relief under ORCP 71 B(1)(a)." *Michael*, 316 Or App at 794. The trial court erred as a matter of law.

When, as here, a party has established a cognizable ground for relief, a trial court "makes a second, discretionary determination, whether to grant relief on the asserted basis and on what terms." *Kerridge*, 316 Or App at 604; *Union Lumber*, 360 Or at 778 (explaining that a trial court must make that decision "consistent with principles promotive of the regular disposition of litigation"). In doing so, "courts are liberal in granting relief, for the policy of the law is to afford a trial upon the merits when it can be done without doing violence to *** established rules of practice." *Union Lumber*, 360 Or at 778 (internal quotation marks omitted); *see also Wood v. James W. Fowler Co.*, 168 Or App 308, 312, 7 P3d 577 (2000) (explaining that ORCP 71 B(1) "is to be construed liberally to the end that every litigant shall have his day in court" (internal quotation marks omitted)).

---

[2] At the hearing on the ORCP 71 motion, wife's counsel stated, "I assume, as is often the case, my client wanted it done and she paid so that *** the order could be entered."

We observe that, here, the trial court's order on husband's ORCP 71 motion provided, without explanation: "The court's interest in the finality of judgment and orders is the determining factor in a court's decision." Although a court may consider finality in making its discretionary decision, finality is not the only factor a trial court must consider under ORCP 71 B. *Michael*, 316 Or App at 794. We have identified a nonexhaustive list of factors that a court must consider, including: "prejudice to [wife], whether [husband] acted with reasonable diligence upon discovery of the mistake, and whether [husband] has alleged potentially meritorious claims." *Id.* On remand, in making its discretionary determination, the court should consider all the relevant factors while keeping in mind our well-established principle to construe ORCP 71 B "liberally to the end that every litigant shall have his day in court." *Wood*, 168 Or App at 312 (internal quotation marks omitted).

In light of the foregoing, we do not reach husband's first assignment of error concerning the trial court's denial of his motion to vacate the supplemental judgment because we understand it to be raised as an alternative to the second assignment of error. We also do not reach his third assignment of error concerning an offer of proof because we understand husband to argue that it would be necessary to address it only if we concluded that the record was insufficient to reverse on his first two assignments.

Order denying motion for relief from judgment reversed and remanded.